McVICAR v. INDUSTRIAL COMMISSION OF UTAH.

No. 3498.    Decided June 15, 1920.    (191 Pac. 1089.)

1.  MASTER AND SERVANT—COMPENSATION CLAIMANT'S DEPENDENCY QUESTION OF FACT, ON WHICH COMMISSION'S FINDINGS ARE CONCLUSIVE. The issue of dependency being one of fact, the Industrial Commission's conclusions are like the verdict of a jury, and will not be interfered with, when supported by some substantial evidence, and if the commission erred in its findings of fact and conclusions, the Supreme Court cannot correct the error.[1]

2.  MASTER AND SERVANT—COMMISSION'S DECISION ON CLAIM FOR COMPENSATION FINAL, UNLESS ABUSE OF DISCRETION CLEARLY APPEARS. Where it does not clearly and indubitably appear that the discretion of the Industrial Commission has been abused, its decision is final and unassailable.

3.  MASTER AND SERVANT—COMPENSATION CLAIMANT'S COUNSEL, RELYING ON STIPULATION TO TAKE TESTIMONY, NEED NOT STATE TO COMMISSION WHAT HE EXPECTS TO PROVE. The attorney for the applicant was entitled to rely on a stipulation to take further testimony, and for that reason was not required to make a statement to the Industrial Commission of what he proposed to prove by witnesses he desired to produce, and his request wrongly denied.

Proceeding by Minnie R. McVicar under the Workmen's

[1] *Geo. A. Lowe Co. v. Industrial Commission of Utah*, 56 Utah 519, 190 Pac. 934.

Certiorari.   Award Set aside

Compensation Act for compensation for the death of her son, James Allen McVicar, opposed by the Imperial Lead Mining Company, employer.   Award for claimant by the Industrial Commission, and claimant applies for writ of review to determine its lawfulness.

AWARD SET ASIDE, and Commission directed to give applicant an opportunity to introduce further testimony.

*George R. Freeman,* of Corona, Cal., for plaintiff.

*James H. Wolfe,* Asst. Atty. Gen., and *De Vine, Stine & Gurlliam,* of Ogden, for defendants.

WEBER, J.

Plaintiff applies to this court for a writ of review to determine the lawfulness of an award by the Industrial Commission.   A synoptical statement of the salient facts as found by the commission is:

Applicant (hereinbefore referred to as plaintiff) is a widow, the mother of James Allen McVicar, who was killed on September 12, 1919, while employed by the Imperial Lead Mining Company, in what is known as Death Canyon, Utah. The husband of the applicant died about two months following the demise of the son.   For approximately one year prior to the death of her husband he had not been able to earn anything, and had made no contribution toward the support of the applicant, his wife.   The deceased son had been discharged from service in the United States navy during the latter part of 1918.   He lived with his parents and contributed to their support after he was discharged from the navy and until he went to work in Utah about June 12, 1919. During the time he had been so employed he had contributed to the support of his father and mother the sum of ninety dollars.   The applicant had no idea, according to her testimony, of what her household expenses were.   She had no systematic method of buying supplies for the household, and

no way in which to estimate what her receipts from the deceased son were, other than that he contributed everything. The evidence very clearly shows that the deceased son did not contribute everything at any time toward the support of the applicant or her husband.

During the time the son was in the navy he made an allotment for the support of his father and mother of fifteen per month, which was increased by an allowance from the government of ten dollars. The amount of any support contributed by the deceased son prior to his entry into the service was not ascertained. His contribution after his return from the navy was not ascertained with any degree of certainty. During the first part of 1919 he was employed by the Riverside Portland Cement Company, living in Riverside with his parents, who had apartments there. The rent for the apartment was paid by the applicant. In all probability, during that period the deceased son contributed the entire support of the applicant other than this twenty-five dollars per month; but it does not appear that the contribution toward the support of applicant at any time amounted to more than twenty-five dollars per month.

The commission ordered that compensation be awarded, to be paid by the Imperial Lead Mining Company, to the applicant at the rate of sixteen dollars per week for a period of one hundred and twelve weeks and three days, but not to exceed $1,800, and that the undertaker be paid the sum of $150.

The record is not without evidence to support the findings and conclusions of the commission. The issue of dependency being one of fact, the commission's conclu-    1, 2
sions are like the verdict of a jury, and will not be interfered with by this court, when supported by some substantial evidence. If the commission erred in its findings of fact and conclusions, we cannot correct the error. It has the power to determine the degree of dependency. Since it does not clearly and indubitably appear that the discretion of the commission has been abused, its decision is final and unassailable. The principles enunciated in *Geo. A. Lowe Co.* v. *Industrial*

*Commission of Utah,* 56 Utah 519, 190 Pac. 934, are applicable here.

If the applicant had been given an opportunity to present all her testimony, the award would be affirmed.   The depositions of certain witnesses on behalf of applicant were taken February 6, 1920, and at that time it was stipulated between the attorneys for the parties that a further hearing might be held at the desire of either party.   On February 18, 1920, applicant's attorney informed the commission by letter that he desired to take the testimony of several witnesses, and that their testimony would relate to the amount of compensation received by James Allen McVicar immediately prior to his death, and also the amount of money he sent to his mother; also as to statements made by the son relative to his mother being dependent upon him.   On March 13, 1920, counsel for applicant again wrote to the commission, calling attention to his former letter, and saying that he desired to take the deposition of a certain witness.  Neither of these letters was answered by the commission.  On March 25, 1920, the award herein was rendered.   In an application for rehearing, filed in due time, the refusal to permit applicant to introduce further testimony was given as one of the grounds for rehearing; the stipulation and letters being made a part of the application.   The application for rehearing was denied May 20, 1920.

In his letters to the commission counsel for applicant did not state what he expected to prove by the witnesses whose testimony he desired to produce.   He relied       **3** upon the stipulation to take further testimony, and for that reason he was not required to make a statement of what he proposed to prove.   He was justified in relying upon the stipulation, and his request to introduce further testimony should have been granted.

The award is therefore set aside, and the commission is directed to give applicant an opportunity to introduce further testimony.

CORFMAN, C. J., and FRICK, GIDEON, and THURMAN, JJ., concur.