## DOSCOLOS v. INDUSTRIAL COMMISSION OF UTAH et al.

### No. 3611.   Decided February 2, 1921.   (195 Pac. 638.)

1. MASTER AND SERVANT—DETERMINATION OF COMPENSATION WITHOUT NOTICE HELD NOT TO INVALIDATE SUBSEQUENT DENIAL OF COMPENSATION. Though an employé was entitled to a notice before an order for compensation was modified to his prejudice, the fact that he was not notified before an order was entered terminating the payment of compensation does not require reversal of a subsequent order of the Commission denying further compensation, where the employé took no action against the former order but petitioned the Commission for an award of an additional compensation on which he was fully heard.

2. MASTER AND SERVANT—INDUSTRIAL COMMISSION'S FINDING SUPPORTED BY SUBSTANTIAL TESTIMONY CANNOT BE DISTURBED. Finding by the Industrial Commission, if supported by substantial testimony, cannot be reviewed by the court.[1]

Proceedings under the Workmen's Compensation Act (Comp. Laws 1917, tit. 49, as amended by Laws 1919, c. 63), by George Doscolos, employé, against the Standard Coal Company, employer, and the State Insurance Fund, insur-

---

[1] *Amalgamated Sugar Co.* v. *Industrial Commission*, 56 Utah 80, 189 Pac. 69; *George A. Lowe Co.* v. *Industrial Commission*, 56 Utah 519, 190 Pac. 934; *McVicar* v. *Industrial Commission*, 56 Utah 342, 191 Pac. 1089.

ance carrier.  From an order of the Industrial Commission refusing further compensation to the employé, the employé appeals.

ORDER SUSTAINED.

*Clawson & Elsmore,* of Salt Lake City, for plaintiff.

*James H. Wolfe,* of Salt Lake City, for defendants.

CORFMAN, C. J.

On October 24, 1918, the plaintiff, George Doscolos, sustained an injury in a mine explosion while an employé of and working in the coal mine of the defendant Standard Coal Company, at Standardville, Utah.

On February 4, 1919, the Industrial Commission of Utah, upon an application made and claim filed before it by the plaintiff against the coal company and its insurance carrier, the defendant State Insurance Fund, awarded the plaintiff compensation for a period from November 4, 1918, to March 8, 1919.  May 5, 1919, upon a claim made by plaintiff for additional compensation for continuing injuries, a further hearing was had before the Commission, and June 3, 1919, it was adjudged that the plaintiff was suffering from gastric ulcers as a result of said accident on October 24, 1918, by reason of which he was partially disabled and incapacitated, and upon such showing being made the Commission on June 3, 1919, awarded the plaintiff additional compensation from March 8, 1919, "until such time as the Commission shall otherwise order, not to run, however, over a period of six years from the 4th day of November, 1918."  On June 18, 1919, the defendant State Insurance Fund applied for a rehearing which was denied by the Commission.  November 17, 1919, the Commission again rendered a decision that since the denial of a rehearing applied for on the part of the State Insurance Fund it had "re-examined the matter with the result that it had become persuaded that the award made by

the decision of June 3, 1919, should be modified and under its own motion the Commission orders the award to be modified.'' Thereupon the Commission granted to plaintiff an award of $44.10, ''based on the difference in earning capacity; it appearing that but for the accident applicant could have earned $150 per month, and is actually earning $95 per month, working six days per week.'' Further payments to plaintiff after the award of $44.10, made November 17, 1919, were then discontinued, and on January 8, 1920, the Commission by its decision denied the plaintiff any further compensation. October 13, 1920, the plaintiff filed another application for compensation before the Commission stating as grounds therefor:

"That your petitioner is now suffering from said injury and is unable to pursue his occupation as a coal miner; that his physical condition is changed and is worse than it was when your Honorable Body made its decision in January, 1920; that your petitioner is suffering from a stricture in the throat and is also subject to vomiting spells—all resulting from said injury."

October 26, 1920, the last-mentioned petition came on for hearing, and the Commission after receiving further evidence decided, December 2, 1920, as follows:

"The case has been previously heard by the Commission, and from the evidence submitted at the hearing, the Commission finds the usual variance in medical testimony, but no new facts developed that tend to prove that the applicant is now or has at any time since the last decision of this Commission, January 8, 1920, suffered disability as a result of injuries received October 24, 1918."

January 3, 1921, the plaintiff prosecuted his appeal to this court in the usual way by writ of review and contends:

"(1) There is no substantial evidence in the record to sustain the decision of the Industrial Commission in refusing compensation. (2) The Industrial Commission acted in excess of its powers when it rendered its decision of November 17, 1919, terminating its award to the appellant of June 3, 1919."

We have pointed out in detail all the proceedings had before the Commission up to and including the order made December 2, 1920, denying plaintiff compensation after a hearing had upon plaintiff's petition therefor. The plaintiff

states plainly that it is from this order an appeal is taken or the case brought before us for review. It is true plaintiff complains, and his counsel contend, that the Commission exceeded its powers when it terminated its award made on June 3, 1919, without notice and without affording him any opportunity to be heard. We think it may well be conceded that plaintiff was entitled to notice. Nevertheless, he must have thereafter known of the action of the Commission in terminating the award at that time for he subsequently received no compensation. Moreover, he did not move to vacate the order on the ground that he had no notice or opportunity to be heard, nor did he take any appeal therefrom.

At the hearing had before the Commission upon which its order of December 2, 1920, was based, and from which the appeal is taken, it appears that the Commission went into the question not only of the present disability of the plaintiff but reviewed the case from its inception, before it finally denied additional compensation as applied for by him.

After carefully reviewing the evidence adduced before the Commission, we find substantial testimony in support of its finding and order appealed from of December 2, 1920. That being true, under the former rulings of this court we have no further power to review. *Amalgamated Sugar Co.* v. *Industrial Commission,* 56 Utah 80, 189 Pac. 69; *George A. Lowe Co.* v. *Industrial Commission,* 56 Utah 519, 190 Pac. 934; *McVicar* v. *Industrial Commission,* 56 Utah 342, 191 Pac. 1089.

The order appealed from denying plaintiff further compensation is sustained.

WEBER, GIDEON, THURMAN, and FRICK, JJ., concur.