## BOYD v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 5631. Decided January 13, 1936. (53 P. [2d] 80.)

*O. H. Mathews,* of Salt Lake City, for plaintiff.

*Joseph Chez*, Atty. Gen., and *Gustin & Richards*, of Salt Lake City, for defendants.

WOLFE, Justice.

We are asked to reopen this case for rehearing on the grounds the evidence is definite that the splinter came from work for Knowlton and Rupert on the bridge because Parkinson testified that when the decedent first came to his work he had his fingers bandaged up. But even though the evidence eliminates the Parkinson job as the source of the splinter, it still leaves the speculation as to whether it came from the Knowlton and Ruper job or some other place, because we cannot consider decedent's statement that he got the splinter working on the bridge. Moreover, even though the circumstantial evidence points to the accident as having occurred on the bridge job, the commission in a case of this sort is not compelled to accept that evidence as conclusive nor the evidence regarding the third link of the chain, to wit, the doctors' evidence that infection in the fingers caused by slivers took seed in the fertile area caused by the bruises resulting in general erysipelas which resulted in death. We stated that the commission could have so found, but was not compelled to so find. And this would be the case even though it is conceded that there is competent evidence that the bruises were caused by carrying pipe while employed on the bridge. A review of the record convinces us this is not a case where we can say that, as a matter of law, the commission was compelled to find for the applicant.

The petition for rehearing is denied. For former opinion, see 88 U. 173, 48 P. (2d) 498.

ELIAS HANSEN, C. J., and FOLLAND, EPHRAIM HANSON, and MOFFAT, JJ., concur.