CRANE v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 6115. Decided July 19, 1939. (92 P. 2d 722.)

*Barclay & Barclay,* of Salt Lake City, for plaintiff.

*Joseph Chez,* Atty. Gen., and *Cheney, Jensen, Marr & Wilkins,* of Salt Lake City, for defendants.

LARSON, Justice.

Certiorari to the Industrial Commission to review an order denying compensation for loss of wages claimed to be the result of an accidental injury received by the applicant during the course of his employment.

Nathaniel Crane, the plaintiff, was an employee of the United States Smelting, Refining and Mining Company at its mine at Lark, Utah, as a timber helper. On April 4, 1938, plaintiff fell while at work, injuring his back and his knee. He told Bates, the shift boss, of the injury and the latter said he would make a report if it caused plaintiff any further trouble. After a few days the injured knee ceased to bother him. He continued regularly at his work from April 4 until May 7 on which date his leg was swollen, red, and ached considerably. Bates suggested that he go to the hospital. The doctor examined the infected area and on May 10 plaintiff's knee was so seriously infected that he was put to bed. On May 14 the wound was opened and a core almost two inches long was removed. He was away from his work for two months and eleven days, for which period of disability he seeks compensation.

The question before this court is whether the Industrial Commission upon the record before it was required as a matter of law to award compensation to plaintiff. Two theories

as to the cause of the disability were presented to the Commission, based upon the following evidence:

The plaintiff testified as to his fall and injury to his back and knee on April 4; that it bothered him for some time after that; that it began flaring up and causing discomfort on May 6 and 7; that his theory was that the infection caused by the injury went inward and then worked to the outside of his knee at the later date.

C. L. Bates, the shift foreman, testified that plaintiff told him on April 4 that he had fallen and injured his back and knee; that he told plaintiff if his injuries bothered him further to tell him and he would make a report; that on May 7 plaintiff asked him to look at his knee; that he did so and it appeared to him that plaintiff had a pimple, the top of which had been rubbed, and that there was quite an infected area with red streaks going up plaintiff's leg; that he instructed plaintiff to report to the doctor; that he asked plaintiff if there was any accident attached to the infection, and plaintiff said not that he knew of, and that plaintiff did not know what caused it.

Dr. Paul S. Richards testified that he saw plaintiff's knee on May 9, "localized infection having all the appearances of a well formed boil and growing directly over the knee cap"; that a diagnosis was made, pre-patellar bursitis of the left knee from a boil over the patella; that a simple type of boil was the origin of the infected condition and that boils can come from a perfectly normal surface and are not due to injuries; that the infection had the appearance of something acute, something that had been there a period of a very few days; that on May 10 plaintiff told the house doctor of the injury to his knee on April 4; that it is unlikely that an infectious condition could have originated back as far as April 4, run dormant for four or five weeks and then become virile about May 7; and that the core removed from the wound on May 14 was the type that is usual in a boil.

The order of the Industrial Commission denied the claim and findings of fact were not drawn. Plaintiff now contends

that this court must surmise as to the basis of the decision and order. It is clear that there were only two theories presented as to the cause of the disability—the injury or a superficial infection and boil. In denying applicant's claim the Commission obviously decided in favor of the latter theory. As for the necessity of findings, it is established law that the Commission is not required to make them. *Sullivan* v. *Industrial Commission et al.*, 83 Utah 187, 27 P. 2d 443; *Jones* v. *Industrial Commission et al.*, 90 Utah 121, 61 P. 2d 10.

The evidence sustains the conclusion of the Commission that the applicant was not entitled to compensation. As said by this court in *Kent* v. *Industrial Commission et al.*, 89 Utah 381, 57 P. 2d 724, 725:

"In the case of denial of compensation, the record must disclose that there is material, substantial, competent, uncontradicted evidence sufficient to make a disregard of it justify the conclusion, as a matter of law, that the Industrial Commission arbitrarily and capriciously disregarded the evidence or unreasonably refused to believe such evidence. * * * When we are asked to overturn the findings and conclusions of the commission denying compensation, it must be made clearly to appear that the commission acted wholly without cause in rejecting or in refusing to believe or give effect to the evidence. It was not intended by the Workmen's Compensation Act (Rev. St. 1933, 42-1-1 et seq.) that this court, in matters of evidence, should to any extent substitute the judgment of the court upon factual matters for the judgment of the commission." See also *Kavalinakis* v. *Industrial Commission*, 67 Utah 174, 246 P. 698.

And in *Parker* v. *Industrial Commission*, 78 Utah 509, 5 P. 2d 573, 575:

"This court is not authorized to weigh conflicting evidence, nor is it authorized to direct which one of two or more reasonable inferences must be drawn from evidence which is not in conflict. That is the peculiar province of the Industrial Commission."

Quoting from *Hutchings* v. *Industrial Commission et al.*, 96 Utah 399, 87 P. 2d 11, 12, we said:

"And so it has been held in numerous cases that the decision of the Industrial Commission will not be disturbed where the evidence was such that the Commission could reasonably find or conclude that the death or disability of the employee was not the result of accidental injury arising out of or in the course of employment." See also *Norris* v. *Industrial Commission et al.*, 90 Utah 256, 61 P. 2d 413.

The findings or order of the Industrial Commission supported by substantial evidence will not be disturbed on appeal to this court. *Taggart* v. *Industrial Commission*, 79 Utah 598, 12 P. 2d 356.

There is substantial evidence to sustain the order of the Industrial Commission denying recovery. The order therefore is affirmed.

MOFFAT, C. J., and WOLFE, McDONOUGH, and PRATT, JJ., concur.