# PECHARICH v. INDUSTRIAL COMMISSION et al.

No. 6242.   Decided November 15, 1940.   (107 P. 2d 167.)

*Gaylen S. Young*, of Salt Lake City, for plaintiff.

*Fabian, Clendenin, Moffat & Mabey,* of Salt Lake City, and *Joseph Chez,* Atty. Gen., for defendants.

MOFFAT, Chief Justice.

It is admitted that the Independent Coal and Coke Company on August 6, 1937, was an employer and subject to the Workmen's Compensation Act and that the applicant, Tony Pecharich, was employed by the defendant company on that date, that the applicant was injured on or about the 6th day of August, 1937, while in the course of his employment with the defendant company. It was also admitted that the applicant was earning a wage sufficient in amount to entitle him to the maximum compensation, that compensation was paid the applicant for one week beginning August 6, 1937. The defendant company denies liability for further compensation in the case.

This action is before us on a writ of certiorari, to review the action of the Industrial Commission. There was but one question of fact submitted to the Industrial Commission. That question is: Did the evidence show that the applicant's disability resulted from or was contributed to by the accident or that there was a causal connection? On this question there is a conflict of evidence. Applicant, however, alleges that the commission committed the following errors:

"1. That the commission erred in denying applicant's application for compensation.

"2. That the commission erred in deciding that said arthritis was not caused or proximately contributed to by the accident.

"3. That the commission exceeded its authority and had no power to appoint an examiner to hear the evidence.

"4. That the so-called examiner had no authority to administer oaths.

"5. That all of said hearings before said examiner were void and of no effect because of lack of jurisdiction.

"6. That said commission erred in denying applicant's motion for rehearing."

On the 9th day of September, 1939, the Industrial Commission passed the following motion:

" 'I move that Mr. W. M. Keller be, and he is hereby, appointed Referee for The Industrial Commission of Utah to conduct hearings in Carbon County during the week beginning September 11, 1939.' (Signed) A. F. McShane. 'Passed by The Industrial Commission of Utah, Salt Lake City, Utah, September 9, 1939.' (Signed) Wm. M. Knerr, Chairman. 'I hereby certify the above to be a true and correct copy of Motion passed by The Industrial Commission of Utah on September 9, 1939.' (Signed) Carolyn I. Smith, Secretary.' "

Mr. W. M. Keller held the hearing at Price, Carbon County, Utah, on September 11, 1939.

Assignments 3, 4 and 5 go to the jurisdiction and authority of the Industrial Commission of Utah to appoint an examiner or referee and whether or not such referee is authorized to administer oaths. The questions raised thereby were decided by this court in the case of ■ *Utah Copper Co.* v. *Industrial Commission of Utah* et al., 57 Utah 118, 193 P. 24, 31, 13 A. L. R. 1367, wherein Mr. Justice Gideon, speaking for the court stated:

"Be that as it may, we are of the opinion, and so hold, that the commission is given authority to delegate to a deputy, designated herein as a referee, the power to take testimony in support of or against the application of any one asking relief before the commission. The power to take testimony necessarily carries with it the authority to administer oaths."

Assignments 1, 2 and 6 go to the findings of the commission. The record does not reveal, nor is it contended by applicant, that as a matter of law, there is but one conclusion that might be reached from the evidence contained in the record.

Evidence was introduced that applicant was in good health and was suffering from no ailment at the time he accepted the employment and that he continued in such good health up until the time of the accident. There was evidence showing the physical condition of the applicant

was impaired and that special allowances were made for him, i. e., leaving early to catch the trip elevator. The accident was occasioned by a rail crystallizing and breaking when the applicant had his whole weight in use while attempting to bend a rail with a rail bender. He fell backward upon the rail and his spine, from the buttocks to the neck, came in contact with the rail when he fell. It occurred at 11:30 A. M. on August 6, 1937. The company doctor attended him that evening about 5 P. M. After a week lay-off the applicant returned to work, upon the advice of Dr. Roy W. Robinson, the company doctor. On or about February 1, 1938, the applicant was laid off.

Six doctors were consulted to determine whether or not, in their individual opinions, the accident accelerated, lighted up or caused the arthritic condition of the spine of the applicant, subsequently found to exist.

Dr. Robinson, the company doctor, testified that in his opinion the accident did not cause, light up, or accelerate the ailment. Dr. Lindem, the applicant's own family physician, expressed the same opinion as did Dr. Hubbard, who was of the same opinion. Drs. Richards and Tyree, appointed by the commission as impartial observers, to whom neither party had any objection, expressed the same opinion. Dr. Tyree's opinion was given by Dr. Richards due to the former's absence from the city. Dr. Demman stated that the condition might have been affected by the accident. Two chiropractors, Dr. George A. Wilson and Dr. A. K. Bramwell, testified that in their opinion there was a causal connection between the applicant's disability and his accident.

There is a definite conflict in the testimony: (1) As to the health of the applicant prior to the time of the injury; and (2) as to whether the accident had any causal connection with the arthritic condition.

The commission made the following findings:

"That applicant is now suffering and has at all times herein mentioned suffered from a hyperthropic osteo-arthritis of the dorsal and lumbar spine and has since the 4th day of February, 1938 been totally disabled as a result of said arthritis; that said disability was not caused and cause thereof was not proximately contributed to by said accident above described."

Section 42-1-79, R. S. U. 1933, provides, inter alia:

"The findings and conclusions of the commission on questions of fact shall be conclusive and final and shall not be subject to review; such questions of fact shall include ultimate facts and the findings and conclusions of the commission. * * *"

This court has repeatedly held that where there is a conflict of the testimony and there is substantial evidence to support the findings of the commission the court will not interfere with such findings. *Chase* v. *Industrial Comm.*, 81 Utah 141, 17 P. 2d 205; *Vecchio* et al. v. Industrial Comm., 82 Utah 128, 22 P. 2d 212; Id. 84 Utah 528, 37 P. 2d 542; *Ostler* v. *Industrial Comm.*, 84 Utah 428, 36 P. 2d 95; *Colonial Bldg. & Loan Ass'n* et al. v. *Industrial Comm.*, 85 Utah 65, 38 P. 2d 737; *Gagos* v. *Industrial Comm.*, 87 Utah 92, 39 P. 2d 697; *Batchelor* v. *Industrial Comm.*, 86 Utah 261, 42 P. 2d 996; *Russell* v. *Industrial Comm.*, 86 Utah 306, 43 P. 2d 1069; *Offret* v. *Industrial Comm.*, 91 Utah 486, 64 P. 2d 1284.

The order of the commission is affirmed.

WOLFE, LARSON, McDONOUGH, and PRATT, JJ., concur.