WILSON et al. v. INDUSTRIAL COMMISSION et al.

No. 6172.   Decided December 30, 1940.   (108 P. 2d 519.)

*Newell G. Daines*, of Logan, *L. DeLos Daines*, of Salt Lake City, and *Jesse P. Rich*, of Logan, for Plaintiffs.

*Joseph Chez*, Atty. Gen., *Grover A. Giles*, Asst. Atty. Gen., and *F. A. Trotter*, of Salt Lake City, for defendants.

McDONOUGH, Justice.

Certiorari to the Industrial Commission to review an order of the Commission denying benefits to the plaintiff, Pearl B. Wilson, for the death of her husband, Alma L. Wilson, who before his death was employed by the Utah State Agricultural College.

The Commission made no findings of fact, but merely by its decision denied the application for compensation. Because of this fact, it appears to be the contention of plaintiff that this court will review the record to determine wherein lies the preponderance of the evidence and affirm or set aside the denial of award or judgment of the Commission accordingly. But this we are not called upon, nor are we at liberty to do. In *Bingham Mines Co.* v. *Allsop,* 59 Utah 306, 203 P. 644, 645, this court said:

"As stated in *McVicar* v. *Ind. Com.,* supra [56 Utah 342, 191 P. 1089] the Commission's conclusions are like the verdict of a jury, and will not be interfered with by this court when supported by some substantial evidence."

There is no dispute that deceased received an "accidental injury" in the course of his employment—at least there is, we believe, sufficient competent, uncontradicted testimony in the record to indicate that he did so. If this be conceded, the question then arises as to whether the injury was the cause of the disability and subsequent death. The necessary inference deduced from the Commission's decision in light of the evidence adduced before it is that death was not caused by any accidental injury received in the course of decedent's employment. We are called on, in this case, merely to determine whether there is any substantial evidence to support that decision.

The evidence reveals that on or about September 11, 1937, deceased received an injury to his shoulder while stacking crates of onions during his employment by the Agricultural College. About two and one-half months thereafter he went to see a doctor who commenced treating the shoulder and

had X-ray pictures taken. The treatment and X-rays continued until about the first of June, 1938, before Wilson's condition became so bad that he was forced to cease working. Thereafter he was confined to the hospital where he continued to receive treatments. In the fall of 1938 it was determined that he had a sarcoma in his right shoulder, of which he subsequently died.

The conflict in the testimony arises as to whether the injury received by Wilson in September, 1937, was the cause of the sarcoma which later developed and caused his death. The evidence on this question is confined solely to the testimony of several doctors who either treated Wilson before his death or who examined the X-rays taken and otherwise familiarized themselves with the case. The doctors who first made a diagnosis of the case and carried on the treatments testified very positively that in their respective opinions the injury was the cause of the sarcoma which resulted in Wilson's death. On the other hand, there is very substantial evidence by the other specialists who were familiar with the case and who had studied the X-rays taken that the injury could not possibly have caused the sarcoma; that the nature of the sarcoma was such that it could not have resulted from a wrench or bruise of the shoulder; that the X-rays revealed the sarcoma to have been in existence at the time of the alleged injury; and that the injury merely announced its presence to Wilson at the time he "wrenched" his shoulder.

In view of this state of the record, we cannot say that the Commission was in error in determining that plaintiff was not entitled to benefits on account of her husband's death. It is well settled by former decisions of this court that where there is a conflict in the testimony, the findings (or decision) of the Industrial Commission will not be overruled if there is substantial competent evidence in support thereof.

The decision of the Industrial Commission is, therefore, affirmed.

MOFFAT, C. J., and WOLF, LARSON, and PRATT, JJ., concur.