## SILCOX v. INDUSTRIAL COMMISSION et al.

No. 6388.   Decided February 18, 1942.   (121 P. 2d 901.)

Rehearing Denied May 5, 1942.

See 28 R. C. L., 828 (8 Perm. Supp., 6254) ; 71 C. J., Workmen's Compensation Acts, sec. 929.

*Barclay & Barclay,* of Salt Lake City, for plaintiff.

*Grover A. Giles,* Atty. Gen., *Zar E. Hayes,* Deputy Atty. Gen., and *Cheney, Jensen, Marr & Wilkins,* of Salt Lake City, for defendant.

WOLFE, Justice.

Appeal from a decision of the Industrial Commission of Utah denying plaintiff's claim for workmen's compensation.

Plaintiff was employed as a mucker by the United States Smelting, Refining and Mining Company, defendant, in its mine at Lark, Utah. Defendant corporation is a self-insurer under the Workmen's Compensation Act of Utah.

Plaintiff testified that on November 25, 1940, he was helping a fellow worker lift a 225 pound leyner machine upon the leyner bar preparatory to drilling when he felt a sharp pain in his back at his sacro-iliac. The pain became so intense that he was unable to work the remainder of the day. That he sat upon a muck pile the rest of the working day, periodically, leaning over a mine car, to gain relief from the pain.

Plaintiff returned to his station the following day but was unable to continue work due to the pain in his back. Plaintiff then quit work on November 27, 1940, two days after the strain, and has not worked since. Plaintiff seeks compensation from November 37, 1940, together with doctor and medical bills.

The question for review as stated by plaintiff is "whether or not the Industrial Commission upon the record before it should have as a matter of law awarded compensation to plaintiff."

On appeal, defendant does not deny that plaintiff suffered a strain but does deny plaintiff's contention that the disability resulted from or was contributed to by the accident, or had any causal connection therewith. Defendant

relies upon the medical testimony to establish its position that there was no injury by sprain to the sacro-iliac; further contending that plaintiff's pain arises from extensive hypertrophic osteoarthritis.

The record of medical testimony taken at the hearing is rather voluminous, there being five doctors called who had at one time or another examined the claimant since the accident.

For brevity, it may be said all five doctors agreed after examining the X-ray pictures that there were not definite fractures or dislocations of the vertebrae; that, however, there was a definite hypertrophic osteoarthritis of the fifth, fourth, third and second lumbar vertebrae, with a bridging of bone connecting the third and fourth lumbar which had existed before the accident, and apparent lippings on the other vertebrae mentioned.

On the question of the condition of the sacro-iliac, the doctors were not unanimous in their diagnosis of the arthritic condition, but at the same time did not give a conflicting diagnosis, plaintiff's doctors refusing to express an opinion as to a possible arthritic condition.

Plaintiff's two medical witnesses, Dr. Baldwin and Dr. Capener, stated that on their preliminary examination they had believed plaintiff was suffering from sacro-iliac sprain or strain, and they had written separate reports to this effect; however, on being offered an opportunity to examine the X-ray pictures showing the arthritic condition of the spine, which had not been made available to them before, they readily stated that they had found no objective symptoms of sacro-iliac strain or movement but that their diagnosis was based upon statements made to them by the patient.

Plaintiff contends that all five doctors agreed that plaintiff was suffering from "sacro-iliac strain as well as arthritis." This position is untenable for the reason that nowhere in the record do any of the doctors express such a view. The doctors generally agreed that it was possible to

have a strain in the sacro-iliac without its showing in the X-ray; however, no doctor, not even those engaged by the plaintiff, could find any definite objective evidence as to a strain in the sacro-iliac.

The conflict in evidence in the instant case does not arise out of conflicts in diagnosis by the doctors. The conflict arises solely out of the testimony of the plaintiff as to the pain as against the diagnosis of the medical examiners.

This court reiterates the view oft times expressed by it

"that where there is a conflict of the testimony and there is substantial evidence to support the findings of the commission the court will not interfere with such findings." *Pecharich* v. *Industrial Commission*, 99 Utah 412, 107 P. 2d 167, 169; *Wilson* v. *Industrial Commission*, 99 Utah 524, 108 P. 2d 519; *Easthope* v. *Industrial Commission*, 80 Utah 312, 15 P. 2d 301; *Crane* v. *Industrial Commission*, 97 Utah 224, 92 P. 2d 722; *Kent* v. *Industrial Commission*, 89 Utah 381, 57 P. 2d 724. See, also, *Norris* v. *Industrial Commission*, 90 Utah 256, 61 P. 2d 413, as to principles therein laid down.

In this case, there is substantial and abundant evidence to support the findings and order of the Commission.

The decision and order of the Industrial Commission is affirmed.

McDONOUGH, J., concurs.

LARSON, Justice (concurring).

There is one question which controls the disposition of this cause. Is there evidence in the record which justifies the holding of the commission that plaintiff's disability is not the result of an injury arising in the course of employment? These facts are not in dispute: On November 25, 1940, plaintiff while at his work in lifting a leyner machine strained or hurt his back at the sacro-iliac region. Since then he has suffered pain and been unable to work. Since

some time before this accident plaintiff has been afflicted with osteoarthritis of three or four lumbar vertebrae, evidenced by considerable lipping and a bony union completely preventing movement in one lumbar joint. The dispute was whether plaintiff's pain and disability was the result of the injury or sprain on November 25th or of the arthritic condition. I do not see that there is any conflict between the testimony of the experts and the testimony of the plaintiff. It is evident that plaintiff's incapacity could result from either the injury or the arthritis. The doctors did not testify that plaintiff had not received the injury of which he complained but merely expressed the opinion that the disability was the result of the arthritic condition while plaintiff's claim that the moving cause of his condition was the sprai nand if the arthritis played any part therein it is merely because of the sprained condition which was aggravated and prolonged thereby. The record is not conclusive as to whether there was or was not arthritis in the sacro-iliac joints. We cannot say that the conclusion of the commission is not justified by the evidence any more than had the commission found for the plaintiff we could say such conclusion was not justified. The case involves the same principle as that involved in the case of *Tintic Standard Mining Co. and Continental Casualty Co. v. Industrial Commission and Ralph Whitehead,* 100 Utah 96, 110 P. 2d 367. I therefore concur in affirming the order of the commission.