PACIFIC STATES CAST IRON PIPE CO. v.
INDUSTRIAL COMMISSION et al.

No. 6399.   Decided May 20, 1942.   (126 P. 2d 25.)

See 28 R. C. L. 828; 71 Corp. Jur., Workmen's Compensation, sec. 1293.

*Stephens, Brayton & Lowe,* of Salt Lake City, for plaintiff.

*Grover A. Giles,* Atty. Gen., and *A. Sherman Christensen,* of Provo, for defendants.

McDONOUGH, Justice.

Proceeding to review a decision of the Industrial Commission. The Commission made an award of compensation on account of the death of an employee of the plaintiff company, which award plaintiff company here attacks on two grounds, viz: (1) There is no competent evidence that deceased received "an accident arising out of or in the course of his employment;" and (2) There is no "substantial or sufficient evidence from which the Commission could find that such accident caused or contributed to the pathology which caused Taylor's death."

The case upon which plaintiff in its brief places much reliance in support of its first contention is *Boyd* v. *Industrial Commission,* 88 Utah 173, 48 P. 2d 498. However, in our opinion, the principles therein announced when applied to this case compel the conclusion that the evidence is not such that we can say that the commission erred in finding that deceased received an accidental injury in the course of his employment. See, also, *Hammond* v. *Industrial Commission,* 84 Utah 67, 34 P. 2d 687. We have repeatedly laid rown the rule that if there is any substantial competent evidence to sustain the commission's decision, it should be affirmed. *Wilson* v. *Industrial Commission,* 99 Utah 524, 108 P. 2d 519, and cases there cited.

Nor is it our function to say "what inference or conclusion we would have drawn from facts presented to the Commission." *Salt Lake County* v. *Industrial Commission,* 101 Utah 167, 120 P. 2d 321, 323, and cases there cited. See, also, *Wherritt* v. *Industrial Commission,* 100 Utah 68, 110 P. 2d 374, and *Norris* v. *Industrial Commission,* 90 Utah 256, 61 P. 2d 413.

In the present case there is a dispute concerning whether deceased received an injury. Several employees saw the bump on his head, which applicant claimed resulted from the accident which caused his death, and described it as a "goose egg." But plaintiff company contends ■ there is no evidence from which it could be concluded that such injury was received in the course of employment; that the only evidence tending to establish that it was received in the course of employment is hearsay; and that in the Boyd case, supra, it was determined that a finding or decision of the Industrial Commission cannot be based on hearsay.

A careful reading of the record convinces us that there is sufficient evidence, other than hearsay, from which the commission might conclude not only that there was an accidental injury received in the course of employment but that such injury was the cause of death. While the commission may not have been compelled to find as it did from the evidence before it, nevertheless, its decision has support in the evidence. In this regard we may repeat what was said in the Boyd case on petition for rehearing, 88 Utah 184, 53 P. 2d 80, 81.

"Moreover, even though the circumstantial evidence points to the accident as having occurred on the bridge job, the commission in a case of this sort, is not compelled to accept that evidence as conclusive nor the evidence regarding the third link of the chain, to wit, the doctor's evidence that infection in the fingers caused by slivers took seed in the fertile area caused by the bruises resulting in general erysipelas which resulted in death. We stated that the commission could have so found, but was not compelled to so find. And this would be the case even though it is conceded that there is competent

evidence that the bruises were caused by carrying pipe while employed on the bridge. A review of the record convinces us this is not a case where we can say that, as a matter of law, the commission was compelled to find for the applicant."

In the Boyd case the commission determined that there was no accidental injury in the course of employment which resulted in death, and we were unable to say as a matter of law that it should have found for the applicant. In the instant case the commission has found for the applicant that there was an accidental injury in the course of employment resulting in the death of the employee, and again we cannot say as a matter of law that its decision has no support in the evidence.

There is competent evidence to the effect that deceased did not receive the bump before he left home for work the morning of the injury; that when he arrived at work he appeared normal and no bump was observed; that later during the day several employees observed the bump which was quite noticeable. When their attention was called to the bump deceased had evidently come from a part of the plant where he would be pursuing his ordinary duties. He was carrying a bucket in which was a solution used by him to inspect or test pipe. There is nothing in the evidence from which it could be inferred that he had departed from the course of his employment during the regular working period. This evidence is such that the commission might reasonably find that the bump was received in the course of employment. In addition, there is the evidence of the statements made by deceased as to how and where the bump was received, the competency of which—in view of the other evidence—need not be passed on.

As to whether the bump thus received was the proximate cause of death, Dr. Harrow testified very positively that from the facts and circumstances, including the findings on post mortem examination, the death was caused by the bump received. Dr. Woolf also testified that in his opinion the bump was the cause of death, although this was

qualified as being based on the theory that the clot found in the brain on post-mortem examination was not present at the time deceased received the bump.

In view of all the evidence, although there is conflict therein, the commission could reasonably find that death was caused by the bump which the commission could properly find was received in the course of employment.

It follows, therefore, that the decision of the Commission should be affirmed with costs to defendants. It is so ordered.

MOFFAT, C. J., and WOLFE, LARSON, and PRATT, JJ., concur.