## STODDARD v. INDUSTRIAL COMMISSION et al.

No. 6521.   Decided March 31, 1943.   (135 P. 2d 256.)

*Newell G. Daines* and *L. Delos Daines,* both of Salt Lake City, for plaintiffs.

*Grover A. Giles,* Atty. Gen., and *Judd, Ray, Quinney & Nebeker,* of Salt Lake City, for defendants.

McDONOUGH, Justice.

This is a proceeding brought by Elaine L. Stoddard, widow of David D. Stoddard, on behalf of herself and Mary Lee Stoddard, a minor child, to review a decision of the Industrial Commission denying her application for award of compensation for the death of her husband. It is alleged that on January 17, 1941, while trimming trees for Utah Power & Light Company, a self-insurer, at Wellsville, Utah, said David D. Stoddard had an accident in the course of his employment; that his climbing strap slipped and his left leg got caught between the rounds of his ladder, resulting in bruising his instep and the calf of his left leg. It is further alleged that the injury caused an embolism which necessitated amputation of the left leg on June 18, 1941, followed by death on June 19, 1941.

The testimony in the case shows that when Stoddard came home from work in the evening of January 17, he complained about having had a hard day; that he rubbed his left leg and stated he had been hurt while trimming trees. However, he did not report the alleged accident to

his employer nor to any representative of his employer. On the following Monday, through his wife, he reported to Mr. Goff, his immediate superior, that he was not feeling well and would not come to work for a few days. The same day he went to the office of Dr. E. L. Hansen, but he made no complaint about any accident, trauma or injury of any kind. He consulted the doctor about being nervous, tired, all "knocked out," suffering from sleeplessness, poor appetite, loss of weight and general upset condition. The doctor examined him, discovered Stoddard had a rapid heart, high blood pressure, and diagnosed the patient's condition as vegetative endocarditis. The doctor visited Stoddard at his home about January 22, and again on January 27.

On February 3 the doctor was called to the Stoddard home and found his patient in extreme pain. His condition was caused by an embolus in his left leg. Some opiates were administered to relieve the intense pain, and Stoddard was hospitalized on February 8. Up to that time he had not made any claim to his employer that he had sustained any injury in the course of his employment, and he had not informed his doctor of any injury.

According to the testimony of Goff who interviewed Stoddard just prior to his going to the hospital, Stoddard said he might have bruised his left leg when he slipped on a ladder while trimming trees, and asked about compensation insurance, and requested Goff to make out an accident report. Goff made a report on February 10 and attached a letter to the report which, if a correct statement of the facts, indicates no assertion of injury was made by Stoddard up to February 7. Applicant offered to prove that Goff stated he would see what he could do to get compensation. The company denied liability on the ground there was no accidental injury.

On March 14 Stoddard was released from the hospital after declining to submit to immediate amputation of his left leg. His condition gradually became worse, and on June 16 gangrene had set in which made amputation imperative.

He died the day subsequent to the amputation. Dr. Hansen reported the death was due to heart attack, and particularly vegetative endocarditis.

The commission found there was no evidence sufficient to show the decedent actually sustained an injury while engaged in his work on January 17. The commission points out in its decision that while more than one contact was made between decedent and his employer after January 17, not until February 7 was any claim asserted that there was an injury, and that Dr. Hansen, who examined Stoddard on January 20, was not advised of any injury nor during his visits thereafter, and that the examination made of the left leg on February 3, 1941, failed to disclose any trauma or other evidence of external injury. The commission further points out in its decision that even if an injury occurred in the course of the employment, there is not sufficient evidence to show that the alleged fall or slipping on the ladder produced the embolus in view of the testimony of Dr. Hansen that the embolus did not result until February 3 and that such a condition generally produces intense pain as soon as the stoppage of the artery occurs.

Counsel for plaintiff argue that the decision of the Industrial Commission should be vacated and set aside because they contend there was substantial evidence on which the commission could have made findings and decision in favor of the applicant. If the commission could reasonably and judiciously reach the decision it did make on the basis of the evidence before it, even if we might believe from the record that the commission could have reached a different result, such decision must be affirmed. Where there is a conflict in the testimony and there is substantial competent evidence to support the findings and decision of the Industrial Commission either in granting or denying an award, such decision must be upheld by this court. *Wilson et al.* v. *Industrial Commission et al.*, 99 Utah 524, 108 P. 2d 519, and *Pecharich* v. *Industrial Commission et al.*, 99 Utah 412, 107 P. 2d 167, and the numerous cases therein cited.

Various cases are cited by counsel for plaintiff, but most of them are cases in which this court affirmed awards made by the commission, not cases in which the findings and decision of the commission were set aside. In affirming the decision of the Industrial Commission in *Kent* v. *Industrial Commission et al.*, 89 Utah 381, 57 P. 2d 724, 725, wherein an award was denied, we said:

"When the Industrial Commission denies compensation and the case is brought to this court for review, a different type of search of the record is demanded than when the Industrial Commission makes an award of compensation and the record is likewise brought here for review.

"In the case of denial of compensation, the record must disclose that there is material, substantial, competent, uncontradicted evidence sufficient to make a disregard of it justify the conclusion, as a matter of law, that the Industrial Commission arbitrarily and capriciously disregarded the evidence or unreasonably refused to believe such evidence. See *Kavalinakis* v. *Industrial Commission*, 67 Utah 174, 246 P. 698, and *Gagos* v. *Industrial Commission* [87 Utah 101, 48 P. 2d 449, 450]."

See also *Peterson* v. *Industrial Commission et al.*, 102 Utah 175, 129 P. 2d 563.

No showing is made that the findings and decision of the commission are unsupported by any substantial and competent evidence. Nor do counsel for plaintiff point out wherein the conclusions of the commission are either unreasonable or arbitrary in view of the conflict in evidence. The decision of the Industrial Commission denying an award is therefore affirmed.

WOLFE, C. J., and LARSON and MOFFAT, JJ., and CLARENCE E. BAKER, District Judge, concur.

PRATT, J., on leave of absence.