**L. Virginia LIPMAN, widow of Paul Lipman, Deceased, Plaintiff,**

v.

**INDUSTRIAL COMMISSION of Utah, Utah State Prison, and State Insurance Fund, Defendants.**

No. 15821.

Supreme Court of Utah.

March 12, 1979.

---

cardial infarction while on duty as the control room sergeant at the Utah State Prison. The Industrial Commission denied benefits to the petitioner because it found that her husband did not die as a result of an accident arising out of or in the course of his employment.[1] This matter was then brought before this Court for review.[2]

The evidence before the Commission showed that the deceased had suffered one (and possibly two) heart attacks prior to his death. He suffered from an arteriosclerotic heart condition and had undergone corrective surgery the previous autumn for a perforal heart condition. In November 1976 he suffered an almost fatal episode of pulmonary edema while on vacation. As a result of his condition he was permitted to work only part time until approximately two months before his death. He was diabetic and had been a lifelong smoker of tobacco. His treating physician testified that a person with the medical and social history of the deceased had a high probability of being subject to a myocardial infarction and that this probability was not conditioned upon any unusual stress or exertion.

The petitioner claims that decedent's death was caused by the extra work and stress brought on by the "escape" of a female inmate. The woman was housed at the Y.W.C.A. in Salt Lake City which functioned as a half-way house for the prison where low-risk inmates were given certain community privileges as a step toward ultimate release. The woman was discovered to be missing at 11:55 p. m. on May 22, 1977, which has reported to one Connie Buck, a supervisory counselor at the facility, some 25 minutes later. Ms. Buck contacted Mr. Lipman at the prison and the Y.W.C.A. director, whereupon the inmate was designated an escapee. Mr. Lipman was responsible for coordinating all information regarding the escape. He learned of the escape at about 12:40 a. m. on May 23, 1977,[3] and until his death, some two

Scott W. Cameron, of Backman, Clark & Marsh, Salt Lake City, for plaintiff.

Robert B. Hansen, Atty. Gen., Robert D. Moore, Salt Lake City, for defendant.

HALL, Justice:

Paul Lipman, husband of petitioner, died May 23, 1977, as a result of an acute myo-

1. U.C.A., 1953, 35–1–45.

2. U.C.A., 1953, 35–1–83.

3. The testimony is conflicting as to precisely when the escape occurred. The Commission's finding that the escape occurred at 11:55 a. m.

hours later, he had more phone calls than he otherwise would have handled.

We do not reach the ultimate issue as to whether or not the death was job related because the resolution of two procedural points raised by petitioner are dispositive of this review. The two points are: (1) that the Commission refused to refer this matter to a medical panel as provided by law, and (2) that the Commission applied an improper standard as to the burden of persuasion.

■ When liability is denied, an applicant for Workmen's Compensation is afforded a clear right to have the case referred to a medical penal appointed by the Commission. The applicable statute reads in pertinent part as follows:

> Upon the filing of a claim for compensation for injury by accident, or for death, arising out of or in the course of employment, and where the employer or insurance carrier denies liability, the commission shall refer the medical aspects of the case to a medical panel appointed by the commission . . . . The medical panel shall make such study, take such X-rays and perform such tests, including post mortem examinations where authorized by the commission, as it may determine and thereafter shall make a report in writing to the commission . . . .[4]

The foregoing statute is clearly mandatory and requires that a medical panel "shall" be convened "upon the filing of a claim for compensation for injury by accident, or for death, arising out of or in the course of employment," when the employer or insurance carrier denies liability.

■ In difficult or doubtful cases, the findings of a medical panel may assist in determining whether the death was caused by accident. In this case, it is known that

death was caused by a myocardial infarction, but the ultimate question is whether or not it can be said that the myocardial infarction was causally related to circumstances occurring on the job.[5]

Findings of a medical panel may well be important in assisting the Commission to determine whether job-caused stress induced injury or death in such a manner as to be compensable. The petitioner in this case should not be deprived of an important procedural provision in the Workmen's Compensation Act. This is particularly so here since petitioner's procedural rights are closely akin to her substantive rights.

■ Turning now to the issue raised as to the quantum of evidence necessary to prove compensability, the Commission stated that the petitioner had the burden of proving by clear and convincing evidence that the death of the deceased was caused by tension and stress of his employment. This Court has consistently held that the burden of proof in Workmen's Compensation cases is proof by a preponderance of the evidence.[6] It appears that the only Utah case which makes reference to any other standard of proof is *Thomas D. Dee Memorial v. Industrial Commission*,[7] and that reference was clearly dictum. The standard of "clear and convincing" evidence has not been adopted by this Court. To adopt such a standard in a case of this nature would make recovery for death caused by internal failure exceptionally difficult especially where the deceased had a pre-existing condition that may have contributed to the death. Application of the usual standard of proof which is used in most civil actions better accommodates the liberal purposes of the act and the type of proof that is likely to be available in most cases of this type.[8] Utilization

---

(some twelve hours before Lipman learned of it) appears to be erroneous.

4.  U.C.A., 1953, 35-1-77.

5.  *M & K Corporation v. Industrial Comm.*, 112 Utah 488, 189 P.2d 132 (1948).

6.  *Grasteit v. Industrial Commission*, 76 Utah 487, 290 P. 764 (1930); *Higley v. Industrial Commission*, 75 Utah 361, 285 P. 306 (1930);

*Henderson v. Industrial Commission*, 80 Utah 316, 15 P.2d 302 (1932); *Wilson v. Industrial Commission*, 99 Utah 524, 108 P.2d 519 (1940).

7.  104 Utah 61, 138 P.2d 233 (1943).

8.  See *Askren v. Industrial Commission*, 15 Utah 2d 275, 391 P.2d 302 (1964).

of that standard by the Commission in this case, combined with the refusal to make a referral to a medical panel, denied the plaintiff's right to have the claim evaluated in the manner contemplated by the statute.

The order of the Commission is vacated and set aside and the matter is remanded for further proceedings consistent with this opinion. Costs awarded to petitioner.

CROCKETT, C. J., and MAUGHAN, WILKINS and STEWART, JJ., concur.