### GAGOS v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 5554. Decided August 19, 1935. (48 P. [2d] 449.)

FOR FORMER OPINION, see 87 U. 92, 39 P. (2d) 697.

*Knox Patterson,* of Price, and *Thorit Hatch,* of Helper, for plaintiff.

*Joseph Chez,* Atty. Gen., *Grover A. Giles,* Deputy Atty. Gen., and *H. J. Binch,* all of Salt Lake City, for defendants.

ELIAS HANSEN, Chief Justice.

An opinion has heretofore been written in this cause, and by a divided court the order of the Industrial Commission of Utah denying compensation was reversed. *Gagos* v. *Industrial Commission of Utah,* 87 U. 92, 39 P. (2d) 697. As will be seen from the former opinion, the sole question upon which the members of this court divided was whether or not the evidence was such as to demand, as a matter of law, a finding that Mr. Gagos received the hernia for which he seeks compensation while working in the mine of the Utah Fuel Company. Upon that issue Mr. Gagos testified that on the 7th or 8th of March, 1933,

"I was driving and loading coal and I had a mule that was kind of crippled, and the place was kind of steep, so I had to back up the empty car to go close to the coal. * * * I tried to back it up with the mule and I tried myself to push the car up, and then I got a pain at that time * * * on the right side, so I didn't know what it was and at night when I came out of the mine I go in dry house and wash myself and I seen it. * * * It was kind of busted. It was about the size of a chestnut or the end of my index finger. After my partner came I thought it was just a pain. My partner was in the next room. I say I got a little hurt and I didn't know what it is. * * * I told him the next day and the night when I came out of the mine because it pained me a little at the time I pushed the car. * * * I first felt the pain when I started to push the car. I pushed about five feet. I didn't have any other feeling at the time because it started hurting me a little bit. I felt it after I came to work. * * * I felt it all the time. * * * I felt the pain and I felt very bad after. * * * As soon as I got ruptured I started feeling bad. * * * I felt weak. * * * I sure felt sick. * * * I never felt like it before. * * * I told him (partner) the next day I aint going to work because I had to go to the doctor and I got hurt at the mine pushing the car. My partner was in the next room. I was driving two at the time, one car at one

place and one car at the other place, so my partner was still loading and I bring the car and started to push and felt the pain so I go over there to help my partner finish the car and take another car out and my partner was right there at the time. I told the doctor the night I came out of the mine on the 7th or 8th I didn't go back to work after I got hurt. * * * I never seen the foreman when I came out. I went to the doctor right away."

Mr. Gagos further testified that he was unable to work for a period of four months after he was ruptured.

Dr. E. V. Long testified that he treated Mr. Gagos for a hernia on March 14, 1933. That at the time Mr. Gagos stated that "he was pushing on the car and felt a pinching in his right groin." He gave the date as being March 7th. He did not complain of any pain or trouble between the 7th and 14th of March, 1933. That "if the hernia was traumatic, you would think he would come in right away if he was having a lot of pain." The record kept by Dr. Long was received in evidence. It corroborates his testimony. The records of the Utah Fuel Company show that Mr. Gagos worked on March 14, 1933. The foregoing is all of the evidence which bears directly upon the question of whether or not Mr. Gagos was injured in the mine.

The fact finder is not always required to believe the uncontradicting evidence of a witness, as will be seen from the text and the cases cited in support thereof in 23 C. J. p. 47, § 1791. There are a number of facts and circumstances in the instant case which may have caused the commission to disbelieve the testimony of Mr. Gagos. He was interested in the result of this controversy. When he first explained his injury, he said it pained him a little or that he felt a pinching in his right groin. Later in his testimony he said he felt very bad, was weak, and was sure sick. According to his testimony, when he felt the pain in his groin, he went to assist his partner and he did not complain to his partner of any pain at that time. Mr. Gagos was positive that he was injured on the 7th or 8th of March, 1933, and that he did not and could not work after that date for a period of four months. Yet the record of the fuel

company shows that he worked on March 14, 1933. The commission may have believed, as testified to by Dr. Long, that if Mr. Gagos had in fact received a traumatic hernia on March 7th or 8th and suffered the pain he claims, he would not have waited until March 14th before consulting the doctor. So far as appears, it is not unusual for a coal miner to push on a car. The commission with its extensive experiences in making investigations as to the manner in which hernias are sustained may have deemed it improbable that a traumatic hernia could be caused in the manner testified to by Mr. Gagos. These are questions which must be determined by the commission. If the testimony of Mr. Gagos (although in the main uncontradicting), because of the infirmities indicated, failed to carry conviction of its truth, the commission was not required to find in accord therewith. In such case we may not substitute our views as to the facts for those of the commission. The order heretofore made reversing the order of the commission is recalled and the order denying compensation is affirmed.

FOLLAND, EPHRAIM HANSON, and WOLFE, JJ., concur.

MOFFAT, Justice.

I dissent for the reasons stated in the original opinion filed herein on December 28, 1934, 87 U. 92, 39 P. (2d) 697.