SUGAR v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 5967. Decided January 24, 1938. (75 P. 2d 311.)

*Royal J. Douglas,* of Ogden, for plaintiff.

*Joseph Chez,* Atty. Gen., and *F. A. Trottier,* of Salt Lake City, for defendants.

HANSON, Justice.

The applicant claimed compensation for accidental death of her husband, John Sugar, while employed by herself doing business as the Big 4 Furniture Company of Ogden, Utah. She was thus the employer and a dependent of the deceased. From an adverse decision of the commission, she seeks review.

The jurisdictional facts are not in dispute, save as to accidental injury in the course of employment, which is denied. On this phase, also, the substantial facts are undis-

puted. Only the inferences properly deducible from the facts are in dispute. The facts shown by the record are that on Sunday, April 11, 1937, while present in the applicant's store, John Sugar was shot through the heart and died instantly. It was between 1:00 and 2:00 o'clock p. m. His body was found on the floor behind the counter by persons later entering the store. A .38 revolver was found on the counter at or near where he fell. An empty shell therein corresponded with the ball taken from his body. A sales slip on the counter indicated a recent sale of an article of merchandise in the store. Shortly before his death, he was seen to come out of the back door of the store and look around, but not to re-enter the store. Soon thereafter another man of about middle age, weight about 160 pounds, bare headed and in shirt sleeves, was seen to emerge from the back door in a rush, look up and down the alley, and then go north in a dog trot. No one heard the shot fired or saw or heard anything of an altercation or encounter within the store. The emergence and flight of the hatless man was not mentioned for a month later, although the official quest into the cause of death was well known.

The .38 revolver had been procured by Mr. Sugar from a neighboring merchant on the Wednesday before on the showing that he had a prospective customer for such a gun; and on Sunday morning, April 11th, he had procured another and cheaper gun and a tent from the same neighbor and for a like purpose. While procuring these articles, the deceased and fellow merchant stood for quite a time discussing "different things, different hold-ups, and different stores that had hold-ups."

Powder burns were found on the clothing of the deceased, tending to indicate proximity of the muzzle of the gun to his body when fired; likewise, a powder burn on the counter at or near where the gun was lying. One of deceased's pockets was pulled inside out when he was found. The cash register drawer was about half an inch open. The drawers in the safe were partly pulled out. On the floor beside or

near him was found his wallet and two black tin cash boxes opened or partly opened, and appearing to have been gone through. There were some insurance policies in one of the boxes and papers standing up in the drawers that were pulled out. Other incidentals appear in evidence but require no specific mention.

The evidence is wholly circumstantial. From it, the applicant draws the conclusion that the deceased was shot by an intruder who robbed the place. The commission found that the shooting was not accidental in the course of employment, and its counsel in their brief draw the conclusion that the injury was self-inflicted with suicidal intent. There was evidence that the deceased's life was heavily insured, to the total of $43,000, over half of which was procured within a few months before his death, and $20,000 additional insurance had been recently applied for and refused by insurance companies. This feature alone is not of controlling importance, but is worthy of mention in the conflict of theories.

We think there is sufficient evidence to sustain the findings made by the commission. Certainly, it does not compel the opposite theory as matter of law. Granting that there is some evidence or inference favoring the applicant's theory, yet the commission was not bound to adopt that theory. It was the commission's duty to decide between the opposing theories and inferences. In the case of *Norris* v. *Industrial Commission*, 90 Utah 256, 61 P. 2d 413, it was said, quoting from the syllabi:

"Whether Industrial Commission should have in law arrived at conclusion of fact different from that at which it did arrive from the evidence, presents question of law reviewable by Supreme Court only when it is claimed that commission could only arrive at one conclusion from the evidence, and that it found contrary to that inevitable conclusion."

Where the commission is driven to surmise or conjecture, the injured person or his dependents cannot recover. This is too well settled to require citation. The applicant cites

*Keen* v. *New Amsterdam Casualty Co.,* 34 Ga. App. 257, 129 S. E. 174; *Pinkerton Nat. Detective Agency* v. *Walker,* 30 Ga. App. 91, 117 S. E. 281; *Dyer* v. *Rapides Lumber Co.,* 154 La. 1091, 98 So. 677; *Industrial Commission* v. *Pueblo Auto Co.,* 71 Colo. 424, 207 P. 479, 23 A. L. R. 348; *Stark* v. *Wilson,* 114 Kan. 459, 219 P. 507, and other similar cases, to the contention that where an employee is injured or killed by the violence of another while engaged in the duties of his employment, it is compensable. It is sufficient, however, to say that in those cases the fact of violent injury at the hands of a stranger appears to have been conceded or taken for granted. At bar that is the very question in dispute and found against by the commission in the exercise of its choice between conflicting theories and inferences. When that occurs, the decision is final and binding on review. See *Norris* v. *Industrial Comm.,* supra. The following cases were decided upon facts nearly parallel with the case at bar and the decisions therein are in harmony with our conclusions as above stated. *Johnson* v. *Industrial Comm.,* 35 Ariz. 19, 274 P. 161; *State ex rel. Hawkins* v. *Industrial Comm.,* 157 Minn. 33, 195 N. W. 766, 36 A. L. R. 394; *Israel* v. *Brisgol Bros.,* 104 Pa. Super. 16, 159 A. 51; *Chaudier* v. *Stearns & Culver Lumber Co.,* 206 Mich. 433, 173 N. W. 198, 5 A. L. R. 1673; *De Bruler* v. *City of Bayard,* 124 Neb. 566, 247 N. W. 347; *Del Vecchio* v. *Bowers,* 296 U. S. 280, 56 S. Ct. 190, 80 L. Ed. 229. The provisions of section 43-3-28, R. S. Utah 1933, cited in this connection, do not militate against the conclusions we have reached.

The order of the commission denying an award is therefore affirmed.

FOLLAND, C. J., and MOFFAT, WOLFE, and LARSON, JJ., concur.