# WHERRITT v. INDUSTRIAL COMMISSION et al.

No. 6276.   Decided February 18, 1941.   (110 P. 2d 374.)

*Ned Warnock*, of Salt Lake City, for plaintiff.

*Joseph Chez*, Atty. Gen., and *Grover Giles*, Asst. Atty. Gen., and *F. A. Trottier*, of Salt Lake City, for defendant.

WOLFE, Justice.

Dr. Barton H. Wherritt died as a result of injuries received when his car plunged over an embankment in City Creek Canyon in Salt Lake City at about 12 o'clock midnight on February 4, 1940. His widow, Margaret M. Wherritt, in behalf of herself and her two minor daughters, filed with the Industrial Commission of Utah a dependent's claim for compensation for the accidental death of her husband. After hearing, the claim was denied by the Industrial Com-

mission. Plaintiff's petition for rehearing was also denied. The cause is here to review the decision of the Industrial Commission.

But a single question is here presented: Was Dr. Barton H. Wherritt at the time he was fatally injured acting in the course of his employment with the Intermountain Clinic? All other elements necessary to recovery by plaintiff are admitted by the Industrial Commission. It is admitted that Dr. Wherritt was an emloyee of the Intermountain Clinic and that the Clinic carried compensation insurance on its employees with the State Insurance Fund.

The evidence shows that on February 4, 1940, Dr. Wherritt was working at the Intermountain Clinic at about 6 p. m.; that he went to his home for dinner; that at 8:45 p. m. he left home telling his wife that he had work to do at the Clinic and calls to make at the hospital. Mrs. Wherritt testified that he had earlier told her that he had some samples to be taken that evening to the State Board of Health laboratory to be analyzed. (Said laboratory is at the State Capitol Building.) Dr. Wherritt was seen at the Clinic at 9:50 p. m. and seen at the L. D. S. Hospital at 10:30 or 10:45 p. m. The accident in which he was fatally injured occurred at about 12 midnight when his car left Wasatch Boulevard north of the State Capitol on the west slope of City Creek Canyon and plunged to the bottom of the Canyon. There is nothing in the record to show that Dr. Wherritt left any samples at the Board of Health laboratory that night, or that he had them in his car, or even that he took said samples from the Clinic.

The question left unanswered by the evidence is what Dr. Barton H. Wherritt was doing at the time of the accident. Was he about his employer's business or was he on an errand of his own?

The burden of proof is upon applicant to establish her claim for compensation. *Higley* v. *Ind. Comm.*, 75 Utah 361, 285 P. 306; *Bingham Mines Co.* v. *Allsop,* 59 Utah 306, 203 P. 644.

The fact finder is not always required to believe the uncontradicted evidence of a witness. *Gagos* v. *Ind. Comm.*, 87 Utah 101, 48 P. 2d 449, nor is it bound to adopt the theory of applicant for which there may be supporting evidence or inference. *Sugar* v. *Ind. Comm.*, 94 Utah 56, 75 P. 2d 311.

"The duties of this court are limited to a determination of questions of law. We may interfere with the commission's findings of fact * * * where an award is denied against uncontradicted evidence without any reasonable basis for disbelieving the same. In such cases a question of law is presented for determination; otherwise, the findings of the commission must be affirmed." *Russell* v. *Ind. Comm.*, 86 Utah 306, 43 P. 2d 1069, 1072.

In *Norris* v. *Ind. Comm.*, 90 Utah 256, 61 P. 2d 413, 415, we said:

"Where the matter presented on appeal is the question of whether the commission should have in law arrived at a conclusion of fact different from that at which it did arrive from the evidence, a question of law is presented only when it is claimed that the commission could only arrive at one conclusion from the evidence, and that it found contrary to that inevitable conclusion."

In the instant case it is not our duty to say what inference or conclusion we would have drawn from the facts presented to the Commission. Our duty is to examine the record and, unless we can say that as a matter of law the conclusion of the Commission on the question of "course of employment" was wrong because only the opposite conclusion could be drawn from these facts, to affirm. After reviewing the record in this case, we cannot say that the inescapable conclusion to be drawn from these facts is that Dr. Wherritt was acting in the course of his employment when he was injured nor can we say that the Commission was clearly wrong in finding "that the decedent at the time of his fatal injury was not performing a duty for his employer, the Intermountain Clinic, and that the accident did not arise out of or during the course of his employment."

We cannot say that the Commission was arbitrary and unreasonable in holding that plaintiff had failed to sustain the burden of proof in view of the lack of evidence in the record as to "course of employment" at the time of the accident.

The decision of the Industrial Commission is, therefore, affirmed.

MOFFAT, C. J., and LARSON, McDONOUGH, and PRATT, JJ., concur.