BOARD OF EDUCATION OF LOGAN CITY et al. v.
INDUSTRIAL COMMISSION OF UTAH et al.

No. 6502.  Decided December 31, 1942.  (132 P. 2d 381.)

See 71 C. J., Workmen's Compensation, sec. 1267; 28 R. C. L., 827.

*F. A. Trottier,* of Salt Lake City, for plaintiffs.

*Grover Giles,* Atty. Gen., and *Zar E. Hayes,* Deputy Atty. Gen., for defendants.

FAUST, District Judge.

This matter is here on certiorari to determine the validity of an award made by the Industrial Commission of Utah to T. Glen Worthington for injuries sustained while returning from a trip to Brigham City where he had addressed a meeting of the Lion's Club on the subject of "Recreation" and had played a practice game of basketball.

T. Glen Worthington at the time of the accident was employed by the Board of Education of Logan City as a teacher in the Logan City High School to teach physical education and to direct the gymnasium program for the school. When Mr. Worthington commenced teaching in the Logan High School he was informed by the Superintendent of Schools that he was to be a member of the City Recreational Council. He was also designated by the executive committee of the Council to be the director of the Recreational program in the City.

The City Recreational Council was a joint enterprise which consisted of representatives of the City of Logan, the Board of Education of Logan City, and various religious and civic organizations of the City of Logan. The purpose of this Council was to furnish recreational facilities and activities for the community at large. In furtherance of this purpose the Board of Education of Logan City and the City of Logan entered into an arrangement whereby the City of Logan was to contribute ⅔ of the expenses and costs per annum and the Board of Education of Logan City ⅓ of the expenses and costs per annum. The Board of Education paid its contribution by allowing the use of school grounds and facilities for which it was allowed credits in various amounts; by furnishing the services of the Recreational Director (in this instance the claimant T. Glen Worthington)

for whom it was allowed a credit of $375 per annum; and by cash.

The question this court is asked to determine is: Did the injuries sustained by the claimant arise out of or in the course of his employment as an employee of the Board of Education of Logan City?

This court has held that it will not review questions of fact found by the Commission but will review only questions of law. If the Commission had sufficient facts before it from which to reach a decision, even if from the same set of facts the court might not have arrived ██ at the same conclusion, it will not reverse the decision of the Commission. See *Wherritt* v. *Industrial Comm.*, 100 Utah 68, 110 P. 2d 374; *Norris* v. *Industrial Comm.*, 90 Utah 256, 61 P. 2d 413; *Salt Lake County* v. Industrial Commission, 101 Utah 167, 120 P. 2d 321.

In the instant case an examination of the record discloses that there was evidence that the claimant was required by his employer to be the Recreational Director for the City Recreational Council. If there had been sufficient competent evidence before the Commission from which it could infer that part of the duties required of the Recrea- ■ tional Director was to give speeches on "Recreation" and to foster recreational activities between surrounding communities, then this court would not disturb the finding of the Commission that the accident occurred while the claimant was in the course of his employment. There can be no doubt that the claimant would not have been at the place of the accident at the time it occurred were it not for the fact that he attended a meeting and dinner of the Brigham City Lion's Club at which he was invited to make a speech on "Recreation" and to play a practice basketball game. If claimant attended this meeting and played basketball thereafter because it was part of his duties as Recreational Director for the Logan City Recreational Council he would have been within the course of his employment.

On this point an examination of the record discloses the following question by the Commissioner:

"Mr. Worthington do you consider that as recreational director that you are required to go to a neighboring community where a city would require you to appear before the local groups, or to a neighboring city in discussing recreational work?",

to which the claimant responded as follows:

"I have been asked to do that several times, not so much to give speeches.—but these communities in the valley have asked me to come and help them with the programs. How the thing started out, when I first came to Logan the Cache Stake asked me to come out to their stake Conferences and conduct some games. For a number of years even before I came to Logan it used to be sort of a habit with Ray Forsberg and I to play together and also run a lot of social mixer dances, and I conducted these activities in the Cache Stake. Since that time I have had requests from about every ward in this valley to come sometime or other and conduct recreational games for them and have gone quite a lot. I have talked it over with Mr. Bateman, the Superintendent, and I have spoken to Mr. Bowen about how much time I should devote to those things outside the city, and they said to use my own judgment,—as much time as I had to go.—"

It can be seen from the above that the Commission did not have before it any evidence as to what were the actual duties of the Recreational Director, at least as to his activities outside the City of Logan. The Council was formed to benefit recreational activities of the City of Logan and the community at large. The is no evidence that this community at large included adjacent counties or school districts. Brigham City is in Boxelder County and in Boxelder school district. It is not part of Cache Valley. The record does not disclose whether or not claimant was required either by the School Superintendent or the Recreational Council to go outside its community to advance or aid the recreational program of adjacent communities. Also, there is nothing in the record which could have aided the Commission in making the finding that he was engaged in any duties of his employment. A person may be rendering a

distinct service to an adjacent community of the type and character for which he would be entitled to compensation if he were injured within the community or on some trip in the interest of the community for which he is employed. However, it is necessary to determine whether or not the claimant was acting within the scope of his employment by being in the adjacent or even distant community. It depends upon the particular facts and character of the duties assigned to him, and whether the claimant has a right to make an election between activities.

It may well be that claimant in the instant case was acting within the course of his employment when he took this trip to Brigham City at the behest of the Lion's Club, however, there is no evidence in the record from which the Commission could make a finding either in the affirmative or the negative as to this fact.

We are of the opinion, therefore, that as a matter of law the Commission did not have sufficient competent evidence before it upon which to base an award. The award is annulled.

McDONOUGH, J., concurs.

MOFFAT, C. J., and LARSON, J., concur in the result.

WOLFE, Justice.

I concur in the holding that the record does not disclose sufficient evidence from which it can be concluded as to whether it was a duty of applicant to go to Brigham City to advance a recreational program. However, it seems to me that if evidence is adduced to the effect that Worthington was asked to go to Brigham City as part of his duties, there may still be the underlying question as to whether such work was itself within the field of education, i. e., whether the Board or its officers had authority to employ any person for such work and bind the School District therefor. Also, the further question perhaps that if they did not could Worthington never the less recover if through ostensible

authority they made it one of his duties? These questions are important. I do not at this time attempt to express an opinion. To do so would require research on matters not argued and would be only the expression of my individual opinion. However, according to what course this case takes it appears to me that they may have to be met.

PRATT, J., on leave of absence.