EWELL v. INDUSTRIAL COMMISSION et al.

No. 7700.   Decided December 5, 1951.   (238 P. 2d 414.)

See 71 C. J., Workmen's Compensation Acts, sec. 929. Pre-existing physical condition; workmen's compensation affected by. 58 Am. Jur., Workmen's Compensation, secs. 247, 248; 60 A. L. R. 1299.

*Dwight L. King,* Salt Lake City, for plaintiff.

*Clinton D. Vernon,* Atty. Gen., *F. A. Trottier, G. Hal Taylor,* Salt Lake City, for defendants.

HENRIOD, Justice.

Review of an Industrial Commission order denying plaintiff's claim for costs incident to surgical removal of a growth (pterygium) on his left eye, following an on the job accident when a flash from a welder's torch struck him in the eye. The order is reversed, each side to bear its costs.

The following facts were undisputed: Ewell, a power shovel operator for many years, constantly was exposed

to wind and dust blowing in his eyes. By 1948 he had a growth on each eye, traumatic in origin. The growth on the right eye was more pronounced, affecting the cornea, and requiring correctional surgery. He was advised that sooner or later the left eye also would require surgery, although the pterygium might remain stationary for years. A pterygium is of a progressive nature if continued trauma occurs, and anything contacting it causes further growth. Between 1948 and 1950 his eyes did not bother him, although he continued the shovel work. In 1950 the flame from a welder's torch accidentally struck him in the eye, burning his eyeball, causing soreness and inflammation, which persisted for 6 or 7 weeks. The pterygium on his left eye was observed to be impinging on the cornea, requiring surgery.

A specialist testified that in his opinion the flash from the torch aggravated the condition of the pterygium. There was no evidence that Ewell's eyes were affected by wind and dust outside of his employment, and none that surgery probably would have been necessary at the time of the accident, or at any definite future time whether the flash burn had occurred or not.

These facts were uncontroverted, but the Commission found that Ewell

"presumably was subjected to some wind and dust outside of his employment",

that

"the probabilities are that surgery would have been necessary whether or not the flash incident had taken place, and that the flash burn did not accelerate the growth of the pterygium."

We conclude that the evidence shows without contradiction, and without intrinsic discredit thereof in the record, that there was (1) a pre-existing diseased condition of

the eye which was aggravated by the flash burn, requiring surgery and resulting in a compensable disability; and (2) that the Commission's order was arbitrary and of a nature which was not shielded by the decisions of this court rendering inviolate the Commission's findings on conflicting evidence, both of which points are discussed in *Gerber* v. *Industrial Commission,* 1937, 91 Utah 479, 64 P. 2d 1281.

WADE and CROCKETT, JJ., concur.

WOLFE, Chief Justice.

I dissent.

Applicant had a pterygium on his left eye and was told by his doctor in 1948

"that at a later date he would sooner or later have to have it taken care of."

The medical testimony is that pterygiums are normally caused by exposure to wind and dust and their rate of progress depends on the extent of such exposure. The doctor replied affirmatively that it is likely that a continuous exposure to wind and dust for approximately another two years would have caused the pterygium in the left eye to increase. He also testified that he could not determine whether the rate of pterygium growth was affected by the flash because he had not examined the eye after 1948 until July 14, 1950.

On May 29, 1950, a blinding flash from a welder's torch struck applicant in the eye. He stayed home from work the next day with packs on his eye. He worked thereafter for six weeks when his doctor advised him that he should have the pterygium removed. Under this state of the evidence the referee concluded that

"The probabilities are that surgery would have been necessary whether or not the flash incident took place."

Periodically, we are confronted with a close case which engenders sympathy and involves niceties in the weighing of evidence but which nevertheless is governed by the overarching principle that the legislature has made the Industrial Commission and not the judges of this court the sole finders of the facts. Witness the case of *Norris* v. *Industrial Commission,* 90 Utah 256, 61 P. 2d 413.

Certainly the evidence in this case which involved compensation for costs incident to the removal of the growth on the left eye, to the effect that, absent the flash burn, the pterygium would have been ripe for removal, supplies the basis for a finding that the burn could be ignored as not an efficient cause for the necessity of an operation but that such was required because of exposure to wind and dust. I think the denial of industrial accident compensation by the Commission should be affirmed.

McDONOUGH, J., concurs in the dissenting opinion of WOLFE, C. J.