405 P.2d 613

**H. Aleen BAKER, Plaintiff,**

**v.**

**The INDUSTRIAL COMMISSION of Utah, W. L. Young Brokerage Company, and the State Insurance Fund, Defendants.**

**No. 10288.**

Supreme Court of Utah.

Sept. 14, 1965.

George E. Bridwell, Salt Lake City, for plaintiff.

Phil L. Hansen, Atty. Gen., Ronald N. Boyce, Ronald Spratling, Asst. Attys. Gen., for defendants.

HENRIOD, Chief Justice:

Review of a denial of compensation to claimant who sustained a ruptured interver-tebral disc, on the ground that the injury did not occur in the course of or arise out of her employment.

Claimant, H. Aleen Baker, was employed by Young Brokerage as a clerk-typist. On Friday, May 8, 1964, about 4 p. m., while filing papers in the bottom drawer of a filing cabinet, she felt a sudden sharp pain in her left hip and leg as she "stooped over or raised up." Thinking it was a temporary pain, she continued working without report-ing it. She experienced pain during the weekend, but returned to work the follow-ing Monday (and visited a doctor later in the week during an extended noon hour). She went home at 3 p. m. one day because the pain prevented her from working. On Tuesday she had reported the injury to her supervisor and explained that she must have hurt herself while filing papers the previous Friday. Subsequently, she put herself under the care of doctors who agreed that her pain resulted from a herni-ated disc. The ruptured disc was corrected and the pain alleviated by surgery.

At the Commission's hearing a waitress, —completely disinterested, and four friends testified that Aleen had. told them, within one week of the alleged injury that she was in considerable pain that must have been caused by filing papers at the brokerage company. Her sister testified that Aleen was in pain the night of May 8th and that she attributed the pain to the filing incident, and that she had never previously had any

back trouble. The only other rather superficial indication as to any other cause was an employer report concerning the cause of the injury, to the effect that Aleen had changed residences prior to the accident and complained of a pain; however claimant testified that the hired movers lifted all the furniture and heavy household appliances.

The Commission denied compensation on the ground that the injury did not occur in the course of employment or arise out of the employment. The main basis for this determination was the statement in Aleen's testimony:

Q. Now I take it that you do not know exactly what caused this problem with your back?

A. No, I don't. Except that it occurred while I was filing in the office. And I hadn't done anything out of the ordinary either at home or at work, or after work, to have caused it. Very definitely.

The claimant's indefinite statements concerning the cause of the injury should not be held to defeat her recovery.[1] As a matter of fact her candid statement substantiates her claim. Also, the Commission's finding may have been partly based on the fact that claimant did not immediately report the injury. This Court has held that the mere fact that claimant did not report the accident immediately was not sufficiently inconsistent with the facts to be ground for denying compensation where the injury was of the kind that would ordinarily cause the claimant to think that it would soon heal and that it would be alright to continue working.[2]

It is undisputed that claimant suffered a disability resulting from a back injury. The sole question is whether the injury resulted from an accident arising out of or in the course of her employment. In accordance with the purpose of the Industrial Compensation Act to alleviate hardships upon workers and their families, the facts and inferences therefrom constituting a worker's right to recover are liberally construed.[3] This court is committed to the rule that as a matter of law the Commission may not, without any reason or cause, arbitrarily or capriciously refuse to believe and act upon substantial, competent and credible evidence which is uncontradicted.[4] In the instant case, claimant's uncontroverted tes-

---

1. For a case with facts very similar to the type and cause of injury, see Hunter v. Industrial Comm., 73 Ariz. 84, 237 P.2d 813, where it was held that claimant's indefinite testimony as to the actual cause of the injury did not defeat recovery.

2. Smith v. Industrial Comm., 104 Utah 318, 140 P.2d 314.

3. Spencer v. Industrial Comm., 4 Utah 2d 185, 290 P.2d 692; Kent v. Industrial Comm., 89 Utah 381, 57 P.2d 724; Bradbury v. Fillingame, 84 Utah 178, 35 P.2d 772.

4. Kent v. Industrial Comm., 89 Utah 381, 57 P.2d 724, and cases cited therein.

timony is corroborated by the testimony of five witnesses, one of whom, a waitress, appears to have been a disinterested one, at least. We believe that the Commission as a fact finder acted as it did because apparently it disbelieved uncontroverted testimony of witnesses whose interest was in no way shown or inferrable, which carried a reasonable measure of conviction, and there was nothing in the record which intrinsically would discredit the testimony or be indicative of witness demeanor that would give the Commission an advantage over the court in its determination.[5] The Commission's order recited testimony of the applicant which seems to be taken out of context, without considering the record as a whole. The fact that the applicant admitted that she did not know exactly what caused her injury should not be held against her. Anyone who has a sore throat seldom knows its cause. If knowledge of the cause of an ailment, to be shown by the applicant, is a condition precedent to an award in every case, the letter and spirit of the act become quite uninspiring.

■ The dissent says that the critical question here is whether the injury occurred in the course of applicant's employment. *We think the critical question here is whether the Commission arbitrarily can discount all competent, uncontradicted evidence. We think it can't, but did so here, calling for a reversal.* This is the law of the case here, nothing else. (See footnotes 6 through 10).

The dissent cites Smith v. Industrial Commission, and Mr. Justice Wade's statement therein about self-serving statements. All Justice Wade said was that if the applicant is the only witness, the Commission need not believe him, and it is a distortion to urge that he said the same rule applied to a case such as here where the applicant was supported and corroborated by five witnesses, none of whom was shown to be interested or biased, without any countervailing evidence. The Smith case simply is no authority under the facts of the instant case.

■■ There is no lack of evidence or anything in the record to reflect incredibility on the part of the applicant or her witnesses, unless, on uncontroverted testimony we arbitrarily say six persons, under penalty of perjury, all were prevaricators. We prefer to direct the reader to the very case relied upon by the dissent, Smith v. Industrial Commission,[6] together with Norris v. Industrial Commission,[7] Wherritt v. Industrial Commission,[8] Dole v. Industrial Commission,[9] and Ewell v. Industrial Commission,[10] as authority

5. Stroud v. Industrial Comm., 2 Utah 2d 270, 272 P.2d 187; Adams v. Industrial Comm., 95 Utah 507, 82 P.2d 693.
6. Footnote 2 supra.

7. 90 Utah 256, 61 P.2d 413 (1936).
8. 100 Utah 68, 110 P.2d 374 (1941).
9. 115 Utah 311, 204 P.2d 462 (1942).
10. 120 Utah 671, 238 P.2d 414 (1951).

to support the principle that we affirm the Commission on contradictory evidence, if there is substantial competent evidence to sustain it, but otherwise, where there is uncontroverted evidence, supported by corroborating evidence and there is no good reason to believe there is perjury or incredibility, in which latter event any attack thereon must at least be supported by the record and by accurate findings of fact. It is difficult to disagree with the Commission but we believe and hold that here we have such a case, in which we must disagree with the Commission on the record and on principle.

The order of the Industrial Commission denying compensation is reversed.

WADE and CALLISTER, JJ., concur.

CROCKETT, Justice (dissenting):

Insofar as the result reached by the court's decision is concerned, it gives me no displeasure that my colleagues are able to conclude that the plaintiff should have an award of compensation. But because I am unable to reconcile that conclusion with foundational principles of law I am compelled to dissent.

Undoubtedly the evidence as set forth in the main opinion *could have justified* the Commission in making a finding that the plaintiff's injury occurred in the course of her employment; and if it had done so the decision would have been sustained. But the question for this court on review is not, would the evidence support an award, but rather, does it compel an award?

It is fundamental that the plaintiff has the burden of proving the facts which entitle her to an award, that is, that she suffered an injury from an accident in the course of her employment. It is the prerogative of the Industrial Commission to find the facts;[1] and if there is any basis in the evidence upon which it fairly and reasonably could remain unconvinced of that fact, it may refuse an award. When it has made its findings they should be presumed to be correct; and it is our duty to review the evidence in the light most favorable to supporting them.

In approaching the question whether the evidence compels an award, it should be clearly understood that there are two separate issues relating to the defendant's disability: (1) did she have an injured back; and (2) did the injury occur in her employment. As to (1), it is not disputed that she

1. Original Sec. 35–1–85, U.C.A.1953, so provides. N.B. this section was neither *amended* nor *repealed* by S.B. 66, Chap. 67 S.L.U. 1965 and does not appear in the new pocket supplement. The new section relating to Depositions of Witnesses is erroneously given the number 35–1–85; it should be given some different designation, e.g., 35–1–85x; see also statement in Moray v. Industrial Commission of Utah, 58 Utah 404, 199 P. 1023 in regard to review.

·did. It is only as to (2) that we are obliged to examine the evidence to determine whether it compels an affirmative answer. The incident is supposed to have occurred on Friday, May 8, 1964 at about 4 p. m. Even though the rupture of an intervertebral disc ordinarily involves a substantial trauma which, to put it mildly, should be at least noticeable to the victim, the plaintiff made no mention of having a pain or anything about this alleged incident to anyone, but worked right on until quitting time. And except for the claim of telling her sister in a telephone conversation that evening, she did not say anything to anyone about it until the following week. She finished out the day Friday, worked all day Monday; and it was not until Tuesday that she mentioned this incident as is shown by the following testimony:

Q. What did you say to any of the employees or your supervisors down there, concerning this back pain?

A. *I believe* I told Mr. Douglas Smith. (The sales supervisor)

\* \* \* \* \* \*

Q. All right. About when did you have a conversation with him concerning your back?

A. *I believe* it was Tuesday morning.

\* \* \* \* \* \*

Q. When did you first seek medical attention?

A. Not until Tuesday or Wednesday. I call Dr. Hawkins, to get him to help me, if he possibly could. He is a chiropractor.

That she had a pain there is no reason to doubt and with it we are all duly sympathetic. But upon the basis of the evidence in this record I would not presume to say with any degree of assurance just when and how it originated. About that fact there seems to be room for some uncertainty, as indicated by the plaintiff herself in her testimony:

Q. Now I take it that you do not know exactly what caused this problem with your back?

A. No, I don't. Except that it occurred while I was filing in the office. *And I hadn't done anything out of the ordinary either at home or at work,* or after work, to have caused it. Very definitely.

It is appreciated that an injury suffered in employment is compensable even if it is only the lighting up or aggravation of an old injury,[2] but under the Workmen's Compensation Act this is true only where it is the result of something which can be classified as an accident.[3] The just quoted por-

---

2. Graybar Electric Co. v. Industrial Commission, 73 Utah 568, 276 P. 161.

3. This does not exclude an injury which may come about gradually such as by

tion of the plaintiff's own testimony does not so indicate, but suggests to the contrary or at the very least it seems to leave enough room for doubt that the fact-trier could fairly and reasonably be left in uncertainty as to how and when her injury occurred.

The most significant point in this case is that the plaintiff herself is the only person who had any knowledge whatsoever about whether the claimed injury to her back occurred in connection with her work; and the only information the plaintiff's other witnesses had about that particular matter came solely from what the plaintiff *told* them. Upon close consideration it will be seen that every word of the testimony of these witnesses could be accepted as true, that is, that the plaintiff *told me* that she had a pain in her back which "I must have got" while filing in the office, without such testimony having any greater probative value than as literally stated "that is what she *told* me." Whatever value this evidence may have relates solely to the fact that she had an injured back. But as to the critical question: whether it originated from an accident in her work, the testimony of the other witnesses is simply using them as a conduit to proliferate plaintiff's own statement. The fact that she successively told several others about her injury,

who in turn testified that she had so stated to them, amounts to no more than an attempt to "lift oneself by one's own bootstraps." If this method could be used to cause proof to become more substantial, it would be a simple matter to obtain such proof of any claimed fact.

It thus seems quite inescapable to me that the question whether the plaintiff suffered an accident in her work, must depend upon her own testimony which, as recited above, leaves sufficient uncertainty that the Commission was not compelled to so find. However, if by some process of reasoning incomprehensible to me her testimony may be regarded otherwise, nevertheless under the established rules of review the Commission should be sustained.

It is to be conceded that to allow the Commission to ignore or reject competent, credible, uncontradicted testimony would give it unrestrained and arbitrary powers inimical to our conception of justice. But where there is dispute as to issues of fact it is essential that there be a method of resolving them. This is the prerogative and the duty of the Commission and it includes judging the credibility of witnesses.[4] Just as in cases where the facts are found by a court or jury, the Commission should be allowed some latitude in determining

over-exertion if it is something not normally to be foreseen and is thus classifiable as an accident, see Purity Biscuit Co. v. Industrial Commission, 115 Utah 1, 201 P.2d 961; Jones v. California

Packing Corp., 121 Utah 612, 244 P.2d 640.

4. Diaz v. Industrial Commission, 80 Utah 77, 93, 13 P.2d 307, 312 (1932).

what witnesses and what testimony it will or will not believe. This is due to its advantaged position in seeing and hearing the witnesses.[5] It is a cardinal rule that if there is any basis in the evidence upon which the fact-trier acting fairly and reasonably could refuse to believe it he is not compelled to do so.[6] One well recognized variant of this rule to which this court has given its approval a number of times is that if the testimony serves the self-interest of the witness that fact may generally be regarded as a sufficient frailty to refuse to believe it.[7] It is of more than casual interest here that if plaintiff's injury occurred at work at about 4 p. m. on Friday, May 8, 1964 as she now claims, it is covered by Workmen's Compensation Insurance, otherwise it is not.

The principle that the fact-trier is not compelled to believe the testimony of a witness who testifies in his own self-interest was adequately treated in the case of Smith v. Industrial Commission.[8] There the question whether the applicant had suffered a hernia in his employment depended largely upon his own testimony. Justice Wade, speaking for the court, reiterated the rule I have stated above. He pointed out that "Prior to the 19th Century, the testimony of parties and interested witnesses were considered so unreliable that they were not allowed to testify at all" citing authorities. That rule is now out-moded. But for the same reason which justified that rule in former times, that a witness whose interest is at stake is more likely to color or falsify his testimony than a disinterested witness, the fact-trier is not bound to accept it unless he is convinced of its veracity. If he were, this would deprive the Commission of the prerogative given it as a trier of the facts and result in a loss of the advantages it has in doing so. Furthermore, in incidents such as this case where the vital fact is known only to the claimant and the injury is something which could be concealed, the employer could be held liable for a spurious claim without any possibility of defense.

For the reasons hereinabove set forth I am not persuaded that from the evidence all reasonable minds must find that the

5. As to advantages of fact-trier see statement in Nokes v. Continental Mining & Milling Company, 6 Utah 2d 177, 308 P. 2d 954.
6. See statement of Justice Straup in Kavalinakis v. Industrial Commission, 67 Utah 174, 246 P. 698, 703, that the Commission is required to take as true undisputed evidence unless it is "opposed to probabilities or common knowledge, or contrary to natural or physical laws, * * * or contradictory in itself, or * * * come from witnesses directly interested, and it is impossible to secure

opposing testimony * * *" which was quoted by the court with approval in Smith v. Industrial Commission, 104 Utah 318, 140 P.2d 314.
7. For good statements as to the basis upon which the court is justified in reversing the Commission including, "That the uncontradicted evidence is not wholly that of interested witnesses" see Norris v. Industrial Commission, 90 Utah 256, 61 P.2d 413, 415; also Gagos v. Industrial Commission, 87 Utah 101, 48 P.2d 449.
8. See footnote 6.

plaintiff's injury resulted from an accident in her work. I therefore see no other alternative consistent with our rules of review than to affirm the decision of the Commission. All emphasis added.

McDONOUGH, J., concurs in the dissenting opinion of CROCKETT, J.