**Kriste A. PITKIN, Plaintiff,**

v.

**The INDUSTRIAL COMMISSION of Utah and Preston's Incorporated, Defendants.**

**No. 14588.**

Supreme Court of Utah.

Dec. 30, 1976.

---

Gordon J. Low, Logan, for plaintiff.

Vernon B. Romney, Atty. Gen., Salt Lake City, George W. Preston, Logan, for defendants.

WILKINS, Justice:

Plaintiff appeals from an order of the Industrial Commission of Utah (herein "Commission") denying compensation to her.

Plaintiff filed a claim with the Commission on November 20, 1974, and was not at that time represented by counsel, alleging (1) that she sustained an injury by accident (i. e. a ruptured disc in her lower back) arising out of or in the course of her employment with Preston's Incorporated (herein "Preston's") on September 19, 1974 and (2) that the accident occurred over a period of time and was caused by lifting freight. Plaintiff then filed an amended claim, signed by her and her attorney, on January 31, 1975 alleging September 28, 1974 as the date of the accident and deleting therefrom that the accident occurred over a period of time. On March 3, 1975 her counsel in a letter to the Commission requested that in the amended claim the date of September 28, 1974 be changed to August 28, 1974 as the prior date was erroneously "inserted through oversight of this office, and the correct date of injury is August 28, 1974".

A hearing on this matter occurred on March 19, 1975 before a referee of the Commission with the parties and counsel present, as well as other witnesses, and on the basis of said hearing findings of fact and conclusions of law and order were made and signed by the administrative law judge on January 23, 1976 denying benefits to plaintiff. Plaintiff subsequently made a motion for review and this matter was referred to the entire Commission for review pursuant to Sections 35–1–82.53 and 35–1–82.54 Utah Code Annotated, 1953 as amended, after which said Commission affirmed on April 12, 1976 the order of January 23, 1976. Plaintiff then filed an action pursuant to Section 35–1–83, Utah Code Annotated, 1953 as amended, in this court for a review of the Commission's order and award.

The issue in this case is whether the Commission in its ruling against plaintiff acted arbitrarily and against the evidence which she contends not only favored her in that it was substantial, competent, and credible, but that such evidence assumed the further efficacy of being uncontradicted.

At the time plaintiff claims she suffered her injury, she was a 23 year old person, who weighed about 190 pounds and was 5 feet 6 inches tall, and employed by Preston's, the owner of a bus station in Logan, Utah. Her period of employment was from December 17, 1973 to December 9, 1974, at which time she was terminated. Her duties consisted of selling tickets at the bus station, handling freight (the items weighing up to 100 pounds), and being a waitress and cashier at the cafe in the bus station.

Plaintiff contends that her testimony at the hearing and the "corroborative evidence" of the other two witnesses who testified therein clearly establish that plaintiff suffered an injury by accident identifiable as occurring in the course of her employment on or about August 28, 1974 and therefore within the parameters of the applicable provisions allowing compensation under Title 35, Utah Code Annotated, 1953 as amended. We think not and hold that the record in this case underpins the findings and conclusions of the administrative law judge and Commission.

Significantly the administrative law judge found, inter alia, the following:

The applicant was vague with respect to the facts surrounding her alleged injury. As pointed out above, her first application showed the accident occurred on September 19, 1974 and yet it occurred over a period of time. The September 19, 1974 date was actually the first day that she saw a doctor regarding her back problem and his notes indicate that the applicant came in with a history of low back pain beginning in the early part of September, 1974. The report also shows the date of accident September 5, 1974. The amended application showing the date of the accident to have been August 28, 1974 is obviously an approximation based upon the applicant's testimony that it might have been the day before that, but the change in the amended application deleting the words that the injury occurred over a period of time is of considerable significance in light of the discrepancy over the date of occurrence. The applicant testified that she could remember no specific occurrence of back pain in connection with any specific lifting of freight.

Plaintiff's testimony could—and in this case did—lead the trier of fact reasonably to a conclusion that her testimony was vague on certain matters and therefore not substantial and credible. Also, that vagueness partook at times of inconsistency. And though, by plaintiff's view, the two other witnesses who testified clearly "corroborated" her position, a reading of the transcript shows not only that their testimonies did not reach the caliber of conclusive confirmation urged upon us by her but could lead the trier of fact to conclude that corroboration was not achieved but rather vitiated by plaintiff's failure in relating to these witnesses specific details of the accident.

Plaintiff relies heavily upon *Baker v. Industrial Commission of Utah*[1] to support her position that this court should reverse the Commission. In *Baker* the claimant was employed as a clerk-typist, and as the court stated:

. . . On Friday, May 8, 1964, about 4 p. m., while filing papers in the bottom drawer of a filing cabinet, she felt a sudden sharp pain in her left hip and leg as she "stooped over or raised up." Thinking it was a temporary pain, she continued working without reporting it. She experienced pain during the weekend, but returned to work the following Monday (and visited a doctor later in the week during an extended noon hour). She went home at 3 p. m. one day because the pain prevented her from working. On Tuesday she had reported the injury to her supervisor and explained that she must have hurt herself while filing papers the previous Friday. Subsequently, she put herself under the care of doctors who agreed that her pain resulted from a herniated disc.

Claimant's uncontroverted testimony in *Baker,* corroborated by five witnesses, was the basis for this court's reversing the Commission, which denied claimant's claim. And *Baker* emphasizes that the mere fact that claimant, as in this case, does not report the accident immediately, if not inconsistent with the facts, is no ground for denying compensation. We, of course, reaffirm as a valid proposition this ruling. But, in this matter the whole record justifies a finding of vagueness, inconsistency, and shifting theories by plaintiff of occurrence of the injury.

This court will not disturb the findings and conclusions of the Commission unless it appears:

. . . from the record that the Commission has disregarded competent evidence, substantial in character and uncontradicted without reasonable basis therefor.[2]

1.  17 Utah 2d 141, 405 P.2d 613 (1965).

2.  *Batchelor v. Industrial Commission*, 86 Utah 261, 42 P.2d 996 (1935). *Park Utah Consolidated Mines v. Industrial Commission*, 84 Utah 481, 36 P.2d 979 (1934). *Baker*, supra.

We perceive no reasonable basis on which to disturb those findings and conclusions. Affirmed. No costs awarded.

HENRIOD, C. J., and ELLETT, CROCK-ETT and MAUGHAN, JJ., concur.