PARK UTAH CONSOL. MINES CO. et al. v. INDUSTRIAL COMMISSION et al.

No. 6695. Decided July 6, 1944. (150 P. 2d 116.)

See 71 C. J. Workmen's Compensation, Sec. 929. Workmen's compensation; sufficiency of evidence to show that empyema and pneumonia resulted from accident, notes 73 A. L. R. 504, 539, See also, 28 R. C. L., 818.

MOYLE, RICHARDS, McKAY & WHITE, of Salt Lake City, for plaintiffs.

GROVER A. GILES, Atty. Gen., and I. E. BROCKBANK, of Provo, for defendants.

LARSON, Justice.

Certiorari to review an award of compensation for the death of Elmer Van Leuven. The question may be stated thus: Is there competent evidence from which the Commission could find that deceased sustained such injury to his lung, as was a contributing factor to the development of pneumonia from which he died? The facts are not in dispute, but only the conclusions that may be drawn therefrom.

There can be no question as to the right of the Commission upon the record before it to find the following facts and make the following conclusions:

(a) On April 30, while in the course of his employment, deceased was struck in the back, right side near the 10th dorsal vertebra, by a man train.

(b) Such injury was not minimal; that is, was severe enough to cause two small slightly discolored swellings, with consquent soreness and pain.

(c) That such a blow could injure the lung tissue.

(d) That deceased, before, at the time of, and after, the injury was suffering from bronchial infection with yellowish sputum.

(e) That a bruise or other injury to the lung tissue would form a source for infection, and might well aggravate the existing condition of the lung irritation.

(f) That such new infection or aggravation of the existing condition might well cause pneumonitis and empyema.

(g) That deceased died from suppurative pneumonitis and empyema.

This leaves the following questions:

1. Could the Commission find that the blow or bruise did injure the lung tissue?

2. If so, could it find that such injury to the lung contributed to the pneumonitis and empyema which caused the death of deceased?

If both of these questions be answered in the affirmative the award of the Commission must be affirmed.

As to the first question, the evidence before the Commission showed that prior to the injury, deceased was well; that from the time of the accident he suffered soreness and pain in the area of injury which increased in extent and intensity until the time of his death; that after a period of about thirteen days, this pain became more sharp and aggravated by coughing and deep breathing; that a week later he developed fever, chills, and sweating periods; cough and expectoration became more severe; he then consulted the doctor who states his lungs were free from rales and pneumonia symptoms; although given sulfa therapy and supporative treatment he progressively worsened, as to pain, cough, sputum and temperature; signs of empyema developed necessitating drain tube in the right chest posteriorly and pus obtained from the area of the injury; X-rays showed increasing fluid level in right chest; moist rales now present; several empyema pockets located on the right side and drained, and diffused pneumonitis now became apparent. He died July 25, 1943. The medical evidence was that contusion of the lung not infrequently results from blows in the chest wall which are not severe enough to leave external evidences of the blow for any appreciable length of

time; that a blow such as this accident could have injured the lung tissue; that the history of the case and course of the disease suggested the probability of contusion of the lung, and one doctor expressed a definite opinion that such contusion had occurred, resulting in infection and abscess; that the condition which resulted in death could have developed either because of a contusion of the lung, or without such contusion.

From this evidence the Commission could conclude, as it did, that there was an injury to the lung tissue at the time of the accident.

As to the second question: having found such injury to the lung tissue, could the Commission conclude that such injury was a moving and operating cause in inducing the pneumonia and empyema from which the death resulted? Two doctors testifying as experts expressed opinions on the matter. Dr. Fish was of the opinion that the injury very definitely did aggravate existing conditions of ailment in the lungs and played the primary roll in causing the condition which produced death. Dr. Rumel stated that assuming the fact of an injury to the lung, his opinion was that such injury must be considered as an aggravating element and constituting cause of the condition from which death resulted.

In *Salt Lake City* v. *Industrial Comm.*, 104 Utah 436, 140 P. 2d 644, we had occasion to consider a somewhat similar question. In the instant case the medical evidence is much stronger than in that case. The medical testimony there was that the medical profession had no opinion as to whether a blow could cause sarcoma. Here the medical evidence is definite, not only that an injury to the lung tissue could, but in all probability would produce the reactions and conditions which here followed. And in *Utah Fuel Co.* v. *Industrial Comm.*, 102 Utah 26, 126 P. 2d 1070, 1072 another case not as strong as this, we said:

"When the event of accident is definite and injures a particular member or part of the body and afterward disability or death occurs and the progression toward disability or death can definitely be

ascertained as beginning with the former event because the history of the progression directly involves a worsening of the member or part to which the injury occurred or the evidence involves a connection between the trauma and other affected parts in the history of the progressive worsening, there will be sustaining evidence for an award."

The award of the Commission is affirmed.

WADE and TURNER, JJ., concur.

WOLFE, Chief Justice (concurring).

With lingering doubts I concur but I am unable to agree that this case is stronger than the case of *Utah Fuel Co.* v. *Industrial Commission,* 102 Utah 26, 126, P. 2d 1070. In the instant case there was a deep bronchial cough existing for two weeks before the accident with typical expectorations. In the Utah Fuel case every symptom started with the blow. The progression toward disabality or death could definitely be ascertained as beginning with the accident. In the instant case, the deceased worked for three weeks after the accident at heavy work before he quit. To say that a case in which is was very difficult to tell from the evidence whether the progression from the bronchial cough through to the death would have happened despite the accident is stronger than one where the beginning of the progression can be definitely traced to the accident seems, to put it mildly, inaccurate. I fear it will not aid in evaluating the comparative force of fact situations. In fact, I consider this case distinctly a borderline case. Certainly the evidence as to a lung or plueral injury rises very little above mere conjecture. The evidence that there was a distinct change of symptoms or in the state of the patient from and beginning with the accident is attenuated to the point of disappearance. I concur only because the Commission should be upheld in cases where there is doubt as to whether the burden of proof has been sustained. *Salt Lake City* v. *Industrial Commission,* 104 Utah 436, 140 P. 2d 644. Especially in those cases where nature, working internally and unseen,

and beyond the ability of experts with all the aids of science to discern the channels in which the progression of the chain of cause and effect operates are we compelled, where an employee does suffer an injury which may have the effect of aggravating or starting a chain ending in disability or death, give the applicant the benefit of the doubt.

McDONOUGH, Justice (concurring).

I concur in the affirmance of the award on the grounds stated in the opinion of Mr. Chief Justice WOLFE.