RESIDENTIAL AND COMMERCIAL CON-
STRUCTION COMPANY and State
Insurance Fund, Plaintiffs,

v.

INDUSTRIAL COMMISSION of Utah and
Gary Lynn Eskelson, Defendants.

No. 13230.

Supreme Court of Utah.

Dec. 12, 1974.

Robert D. Moore, of Rawlings, Roberts & Black, Salt Lake City, for plaintiffs.

Vernon B. Romney, Atty. Gen., Thomas P. Vuyk, of Vuyk & Ford, Salt Lake City, for defendants.

TUCKETT, Justice:

Certiorari to review an award of compensation to Gary Lynn Eskelson. The question the Court is to determine is whether there is competent evidence from which the Commission could find that there was an accident in the course of

1. 20 Utah 2d 210, 436 P.2d 442 (1968).

employment which resulted in his being unable to work for a period of time and also for medical costs incurred in relation thereto. On November 5, 1970, Eskelson was employed by Residential And Commercial Construction Company as a carpenter's helper. On that day he was engaged in moving lumber and after he had completed that task he was unable to straighten up. Eskelson described the pain which ensued as being sharp and severe in the lower back and down the backs of both legs to the ankles. Eskelson continued to work until about 30 minutes before the usual quitting time when he reported the incident to the foreman and went home. Eskelson did not return to work until September, 1971.

Various diagnostic procedures were undertaken with uncertain results by Eskelson's attending physician who then performed an exploratory operation. During the course of the operation a bone chip was excised from Eskelson's back. It was the opinion of the medical panel that the bone chip resulted from a congenital anomaly rather than from trauma. The chairman of the medical panel was of the opinion that Eskelson's problems were consistent with the lumbosacral strain brought about by lifting, bending and twisting in the course of his ordinary work. The hearing examiner nevertheless found that the lumbosacral strain suffered by Eskelson was an unanticipated and unintended occurrence, different from what would normally be expected to occur in the usual course of events. This finding was adopted by the Commission. The hearing examiner and the Commission concluded that Eskelson had suffered an accidental injury and was entitled to compensation for a period of twelve weeks in the sum of $693.60 and that the plaintiffs were ordered to pay the medical costs incurred including the cost of the exploratory operation.

Plaintiffs have failed to show that the Commission was arbitrary or capricious and we are of the opinion that the decision of the Commission was based upon credible evidence.[1] The decision of the Commission is affirmed.

HENRIOD, J., concurs.

CROCKETT, Justice (concurring).

I agree with the proposition pointed out by Justice Ellett: that the predicate to compensation is an identifiable accident as distinguished from a gradual development because of the nature or conditions of one's work. But it is also important to have in mind that it is the exclusive prerogative of the Commission to find the facts; and that it may consider not only all of the direct evidence, and the expert testimony, but may draw such inferences as are reasonably deducible therefrom. The difference between the Pintar case he cites, and others of that character, where the Commission *found* that the disability was a result of the gradual development, and the instant case, is that here the Commission believed and *found* that the unusual pain which occurred in Mr. Eskelson's back on the afternoon in question, which became so severe that he could not continue the work he had theretofore been doing, was such an accident resulting in the course of his employment. While I concede that it appears to be a close case on the facts, in view of the Commission's prerogative in making the findings, I agree with the main opinion that it does not appear to be so without foundation in the evidence that it should be reversed as capricious and arbitrary.

ELLETT, Justice (dissenting).

I dissent. Mr. Eskelson had a congenital back problem instead of an accident. The medical panel which examined him found that even if an *accident* had occurred, the complaint he made was not related thereto. He testified before the Industrial Commission as follows:

I believe the day was November the 5th, when I reported the accident.

1. Park Utah Consol. Mines Co. v. Industrial Commission, 106 Utah 464, 150 P.2d 116; Purity Biscuit Co. v. Industrial Commission, 115 Utah 1, 201 P.2d 961; Baker v. Industrial Commission, 17 Utah 2d 141, 405 P.2d 613.

That's what it shows on the record, I think. I was in my everyday routine, and about midmorning, I noticed that my back was quite sore. And I didn't want to say anything, so I worked through the day. And I quit about a half hour early that day, and I went and talked to my boss. He asked me what was the matter, and I told him I had hurt my back. And at that time I couldn't hardly straighten up, and I had a hard time breathing.

He further testified:

Q. And it was just when you were doing your normal duties?

A. Yes, it is.

\* \* \* \* \* \*

Q. Well, do you remember any specific incident that prompted pain to your back?

A. Just being a carpenter.

\* \* \* \* \* \*

A. It is just like having a sore leg. One day you feel good and the next you don't.

The date of the claimed injury is clouded by his reports. The application for the adjudication of his claim alleged that he sustained an injury by accident in the month of October, 1970, and was signed by Mr. Eskelson and his attorney. The other documents which he filed show that he was injured November 5, 1970.

Of course, if an accident happens and an employee is injured as a result thereof, he is nonetheless entitled to benefits even though he may have had a predisposition to the injury which resulted.[1] However, there must be an accident, to wit: The occurrence of an unintended, unforeseen, and unusual event rather than something which continues, progresses, or develops.

In Pintar v. Industrial Commission[2] it is stated:

. . . It is, therefore, a prerequisite to compensation that his disability be shown to result, not as a gradual development because of the nature or conditions of his work, but from an identifiable accident or accidents in the course of the employment. . . .

In my opinion there was no evidence before the Commission to justify a finding that Mr. Eskelson suffered any injury from anything unusual or from any other cause than the ordinary work which he was required to perform. The Industrial Commission is the finder of the facts, but any finding made must be based upon competent evidence.

I think there is no evidence to justify a finding that an accident happened in October or on November 5, 1970, and I would reverse the ruling made by the Industrial Commission. No costs should be awarded.

CALLISTER, C. J., concurs in the views expressed in the dissenting opinion of ELLETT, J.

1. Standard Coal Co. v. Industrial Commission of Utah et al., 69 Utah 83, 252 P. 292 (1926); Tintic Milling Co. v. Industrial Commission of Utah et al., 60 Utah 14, 206 P. 278 (1922).

2. 14 Utah 2d 276, 277, 382 P.2d 414, 415 (1963).